UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
:
DINO ANTOLINI, :
:
                Plaintiff, :
: 19-CV-9674 (JMF)
   -v- :
: ORDER
:
HAROLD THURMAN, et al., :
:
                Defendants. :
:
---------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

     During the conference held by telephone on May 13, 2020, the Court urged the parties to enter into a stipulation taking any issue relating to Defendants' financial ability to remediate off the table so as to streamline discovery. For reasons that are not clear, Plaintiff's counsel refuses to enter into a proposed stipulation. *See* ECF No. 45. Although Plaintiff's counsel is technically correct that he has no "obligation" to enter into a stipulation, *see id.*, Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that discovery must be "relevant to a party's claim or defense and proportional to the needs of the case." In light of Defendants' letter, *see* ECF No. 44, which the Court construes to be a waiver of any and all defenses relating to a financial inability to remediate, Defendants need not respond to any of Plaintiff's discovery requests regarding financial information unless and until the Court orders otherwise. If Plaintiff believes that, notwithstanding Defendants' letter, there is a basis to require Defendants to disclose the requested financial information, he must file a letter-motion to that effect, explaining why such discovery would be relevant and proportional to the needs of the case.

     The Clerk of Court is directed to terminate ECF No. 44.

     SO ORDERED.

Dated: June 4, 2020  
       New York, New York

                                                    _____  
                                                    JESSE M. FURMAN  
                                                    United States District Judge