STUART H. FINKELSTEIN, ESQ.

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

July 5th, 2020

The Honorable Jesse M. Furman
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square Courtroom 1105
New York, New York 10007

Re: Antolini vs. Thurman, et al
Case No.:19-CV-9674 (JMF)

Dear Judge Furman,

To remind the Court, respectfully of course, I represent Plaintiff Dino Antolini in the above referenced matter. Plaintiff, pursuant to Local Civil Rule 37.2. seeks to compel defendants to respond to Discovery Requests that are months past due.

The Subject Facility is a mixed residential building, along with approximately eight retail establishments on the ground level as described in Plaintiff's complaint. They are *all* completely inaccessible to not only Plaintiff, but to all others so situated.

The meet and confer that took place between myself and defense counsel proved to be unfruitful, at best. To date, defendants insist on not complying with the Rule 34 Notice although served on them many months ago. The lawyer representing defendants is adamant in refusing Plaintiff's Expert to access these stores, claiming the leases don't allow for it. This is far from the truth as the three leases he submitted are quite ordinary and well used in this town. It is labeled, "Standard Form of Store Lease" and is prepared by the Real Estate Board of New York, form # 5/5/80 B. Without regurgitating its contents, *nowhere in the lease does it prevent access,* as long as reasonable notice is given. Moreover, defendants furnished only three leases out of the eight establishments present at the property.

Plaintiff's Request for Production of Documents was sent December 7, 2019 and pertained to any alterations, renovations or improvements to the Property, including the exterior spaces (including alterations to the ramp areas, e.g., re-grading) as well as the interior/tenant spaces by any person or entity or tenant since January 26, 1992 (for example: scope of work, work orders, any and all surveys that were conducted in accordance with the remedial measures contracts or agreements in connection with the performed work, invoices, payments, requests for proposals, responses to requests for proposals, permits, variances, plans, blue prints, etc).

Their response was abysmal: "Without waiving or limiting any objections, or adopting any characterizations in Plaintiff's demand, all documents in defendants' possession, custody and control which are responsive to this complaint as to the *exterior* space will be <u>*gathered*</u> and produced, and notes the documents are of public record *<u>for the most part</u>*." Not only have they taken the liberty of editing out parts of our Request in their response by speaking of the exterior only, (the Request was all encompassing, to wit, the Property) but also defendants readily admit to being untruthful and lying by omission with their "for the most part" remark. In my mind, the word 'gathering' connotes some form of difficult manual farm labor; a far cry from a defense lawyer's ability to produce timely discovery. Additionally, the phrase 'for the most part' is of course another impertinent dilatory tactic employed by defendants. Farcically, their response was made over six months ago, and to date we have received nothing.

Respectfully, I remain,

Very truly yours,

Stuart H. Finkelstein

Plaintiff's motion is denied.  Based on Defendant's response, it is plain that counsel have not exhausted efforts to resolve the issues through the mandatory meet-and-confer process.  On top of that, with respect to the Rule 34 inspection issue, Plaintiff has not provided any concrete basis to doubt counsel's representation that the leases do not give Defendant the right to enter the premises for the purposes Plaintiff proposes.  Counsel shall promptly meet and confer -- in good faith and in a professional and courteous manner -- in an effort to resolve Plaintiff's complaints.

One final note: The Court's Individual Rules and Practices do not permit replies and sur-replies in connection with discovery disputes.  The parties may not file replies or sur-replies without leave of Court.

The Clerk of Court is directed to terminate ECF No. 51.

SO ORDERED.

July 9, 2020

SHF/tc
To all counsel of record by ECF