# SILVERSMITH & ASSOCIATES

Law Firm, PLLC
Attorneys At Law
39 Broadway, Room 910
New York, New York 10006
www.SilversmithAssociates.com

**ROBERT G. SILVERSMITH**  (212) 922-9300

Jason S. Garber
Karina Gendler

Telecopier (212) 681-1904

July 7, 2020

Hon. Jesse M. Furman
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square Courtroom 1105
New York, New York 10007

Re:  <u>Antolini v. 33 Bre Inc., Index 1:19 -cv-09674-JMF</u>

Dear Judge Furman:

  We represent the Defendants in the above-referenced matter and seek pursuant to Local Civil Rule 37.2 to compel Plaintiff to respond to Defendants Discovery demands that were served in December 2019 and further to order Plaintiff to comply and schedule a settlement conference as earlier directed by this court.

### A brief description of the case, including the factual and legal bases for the claim(s) and defense(s)

  Plaintiff contends that he is disabled and that he was denied access due to ADA violations at the Facility. The Defendants substantially deny each claim of wrongdoing alleged by the Plaintiff against them. Defendants contend that the premises is presently in compliance with its obligations under the statutes at issue and maintain that the premises is grandfathered, that there have been no substantial alterations since the enactment of the various ADA statutes at issue and that the alleged barriers do not give rise to any violation of law. To the extent that barriers to access exists, Defendants contend that the removal of those barriers is not readily achievable.

  The Defendants are relying on the completion of their expert's study. The expert has stated that a ramp would require 150 linear feet including turnarounds and landings and is not feasible. The building's FAR is maximized and the defendants' expert will be reviewing the efficacy of a lift once the lockdown is over. Initially there are concerns that as a result of the FAR max, that Board of Standard and Appeal approval would be required. There are also issues with respect to the lift, which would likely require that several tenants, non-parties, already with small spaces be reduced in order to have a means of entry and egress from the lift into the retail store space to potentially accommodate the lifts. Further, the walls will be necessarily examined for mechanical, electrical and structural impediments.

## PLAINTIFF'S DISCOVERY RESPONSES

Defendants served discovery demands in December 2019 and a notice to take deposition in February 2020.

The Plaintiff's counsel notified Defendants counsel by email on June 15, 2020 that Defendants had not received any Plaintiff's Supplemental Discovery Responses on June 12, 2020. The email had been at least the fourth request by Defendants for responses, prior requests having been made by email on February 13, May 15 and May 31, 2020. On Tuesday, June 16, 2020, Mr. Finkelstein and I held a telephone conference at 5:00 p.m.

Defendants had also noticed Plaintiff for a deposition on February 21, 2020 and have yet to receive any response for a scheduled date for Plaintiff's deposition. Defendants would request a date of August 11, 2020 or dates prior thereto but after July 27, 2020. Alternatively, Defendants would request all depositions take place after a settlement conference ordered by this court. Plaintiff's counsel was informed by email on June 16, 2020, that Defendants Counsel had reached out and spoken to Laura Midwood, Judge Fox's calendar coordinator. The purpose had been to ascertain dates available for a settlement conference. These dates were presented to Plaintiff's Counsel. Defendants counsel requested that Plaintiff's counsel reach out to his client and to provide dates for his and his client's availability for the settlement conference. Defendants then telephoned Mr. Finkelstein at 5:00 p.m. June 16, 2020. Plaintiff's Counsel advised that he thought a settlement conference was premature.

Defendants counsel's June 16, 2020 email noted that Defendants demands had been made in December 2019. Plaintiff's Discovery responses were served in February 2020, prior to the initial conference. Plaintiff's Interrogatories were largely objected to as "Interrogatory is in violation of SDNY local Rule 33.3[a]. Plaintiff had failed to provide substantive responses to the Defendants Document production demands even after the initial conference. This included that Plaintiff failed to provide the home address and telephone number of his witness Dino Antolini nor the name of his expert. Plaintiff's counsel had stated by email his expert would like to inspect at the building, and therefore, it is assumed, Plaintiff has an expert.

## DEFENDANTS DOCUMENT DEMANDS

Defendants' demanded production of Plaintiff's leases or deeds and federal income tax returns to the extent of showing employment (Plaintiff need not supply the balance of the demand related to the Federal income tax return). Defendants are seeking information regarding plaintiff's residence so as to ascertain the extent of his disability and if there are steps, at his home or place of business. Defendants' demanded reports, analyses or communications related to inspections of the property and existence of ADA violations and documents in plaintiff's possession related to remediation and readily achievable, if existing

## <u>INTERROGATORIES</u>

Plaintiff responded to Defendants Interrogatories 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21 as "Interrogatories in violation of SDNY Local Rule 33.3(a)"

Defendants' Interrogatories  (1) requested the name, address, telephone number, place of employment, and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Fed. R. Civ. Proc 7 (a)), filed in this action, or any fact underlying the subject matter of this action.  (2) Please provide your current residential and business addresses, ...and the number of years during which you have been residing at your current address.  (3) Please state whether there are steps at the entrance to your current residence address and if so whether your current residence has a ramp with appropriate slope and signage or an otherwise appropriate and accessible  entrance; (4) Please state all dates and time you visited the building allegedly controlled by Harold Thurman, Brad Thurman and 33 Bre Inc. and were denied full and equal access to the premises, and the means of transportation you used to pay a visit to the Subject facility located at 82-88 Fulton Street, New York, New York; (10) Please state the name, address and telephone number of any Home Health Aides assisting you at your home, the days and hours of such assistance, whether such is through a private agency or governmental agency and set forth the name and address of the agency;  (12) Please state the basis for your contention that the alterations and modifications demanded by Plaintiff in the complaint are readily achievable, are structurally practical or are technically feasible and the estimated costs to do so;  ( costs need not be supplied);  (20) for each person who is expected to be called as a fact witness for you during the trial of this matter, please provide: (a) the substance and basis for the witnesss's anticipated testimony; (b) the witness's relationship to you;  (21) For each person who has been retained to act as an expert, or who otherwise is expected to be called as an expert witness for you during the trial of this matter, please provide: (a) the expert's name; (b) the expert's profession;(c) the expert's work address ( or home address if no work address exists); (d) subject matter on which the expert is expected to testify; (e) the source of all facts relied upon by the expert; (f) the facts determined and opinions formed by the expert; (h) A list of all cases in which the expert has appeared as an expert witness in the past five years:

At the conference, the Court had indicated that a letter motion should be filed.  I have tried to work cooperatively with the Plaintiff's counsel so as to resolve this issue. We believe that this is an issue that we should have been able to work out.

Respectfully, I remain.

Very truly yours,

Robert Silversmith

RGS/vp

In light of the Court's ruling that counsel must meet and confer in connection with Plaintiff's letter motion, this motion is denied without prejudice to renewal after counsel meet and confer.  Counsel should attempt -- in good faith -- to resolve these disputes as well, and Plaintiff shall promptly cure any discovery deficiencies.  (The Court reserves judgment, but notes that the interrogatories at issue do not sound like impermissible contention interrogatories.)  Any renewed motion shall include a representation that counsel met and conferred in good faith with respect to the issues raised and shall detail when and how long that meet-and-confer was.

The Clerk of Court is directed to terminate ECF No. 53.

SO ORDERED.

July 9, 2020