UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
DINO ANTOLINI,

                Plaintiff,            Case No.:1:19-cv-09674-KNF

    -against-

HAROLD THURMAN, BRAD THURMAN,
and 33 BRE INC.,

                Defendants.
-----------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO COMPEL

SILVERSMITH & ASSOCIATES
LAW FIRM, PLLC
BY: Robert Silversmith, Esq.
Attorney for Defendants
39 Broadway, Suite 910
New York, New York 10006
Tel: (212) 922-9300
rsilversmith@silversmithassociates.com

## **TABLE OF CONTENTS**

|  | Pages |
|---|---|
| TABLE OF AUTHORITIES | 2 |
| PRELIMINARY STATEMENT | 3 |
| BACKGROUND | 3 |
| I. PLAINTIFF'S OBJECTIONS ARE IMPROPER | 4 |
| CONCLUSION | 10 |

## **TABLE OF AUTHORITIES**

### Cases                                                                                         Page(s)

Kloppel v Home Delivery Link, Inc. N.Y.L.J. 1/9/20. p.21 col.2 Vol 263; No.6 (U.S.D.C.) (W.D.N.Y.) (#17-cv 6296).................................................................................................5

Pascuiti v. New York Yankees, 108 F.Supp. 2s 258 (U.S.D.C.S.D.) (7/13/2000)........ 6

Zanowic v. Reno, 2000 WL 137625 U.S. Dist. LEXIS 13845 (SDNY 9/25/20)................8

Jacoby v. Hartford & Life on Accident Ins. Co., 254 F.R.D 477, 478 SDNY [2009].......8

Cox v. McClellan, 174, F.R.D. 32, 34 [WDNY 1997]..................................................8

Obiajulu v. City of Rochester, 166 F.R.D 293, 295 [WDNY 1996]...............................8

Caines v. City of New York, 2003 WL 151993 U.S. Dist. LEXIS 27687 at *1N.1 [SDNY Jan 21, 2003]..............................................................................................................8

### Statutes

FRCP Rule 37[a][2].....................................................................................................4

FRCP Rule 37[a][3].....................................................................................................4

FRCP26[b][1]..............................................................................................................7

## **_Preliminary Statement_**

Defendants submit this Memorandum of Law in support of their Motion for an order pursuant to Rule 37 of the Federal Rules of Civil Procedure [hereinafter referred to as Rules] compelling the Plaintiff to provide responsive documents and information without objections to Defendants' First Request for Document Production and Defendant's First Set of Interrogatories, and for such other and further relief as this Court deems just and proper.

## **_Background_**

### *A brief description of the case, including the factual and legal bases for the claim(s) and defense(s)*

Plaintiff contends that he is disabled and that he was denied access to the Facility due to ADA violations. The Defendants substantially deny each claim of wrongdoing alleged by the Plaintiff against them. See Complaint as Exhibit **A**. Defendants contend that the same is presently in compliance with its obligations under the statutes at issue and maintain that the premises is grandfathered, that there have been no substantial alterations since the enactment of the various ADA statutes at issue, and that the alleged barriers do not give rise to any violation of law. To the extent that barriers to access exist, Defendants contend that the removal of the barriers is not readily achievable. See Answer as Exhibit **B**.

The Defendants are relying on the completion of their expert's study. The expert has stated that a ramp would require 150 linear feet including turnarounds and landings and is not feasible. The building's FAR is maximized and the Defendants' expert will be

reviewing its efficacy. Initially there were concerns, that as a result of the FAR max, Board of Standard and Appeal approval would be required. There are also issues with respect to the lift, which would likely require that several non-party tenants, not subject to the jurisdiction of this court and already with small spaces, would have their spaces further reduced or eliminated in order to have a means of entry and egress from the lift into the retail store space to potentially accommodate the lifts. Further, the walls will necessarily have to be examined for mechanical, electrical, and structural impediments.

Plaintiff should be required to respond to Defendants' Discovery Demands and Interrogatories that were served in December 2019 in a substantive manner without objection.

## *POINT 1*

### *Plaintiff's Objection are Improper*

Plaintiff should be compelled to provide full discovery responses without objections.

A motion to compel discovery under Rule 37[a][2] shall be granted "where another party fails to respond to a discovery request, or where the party's response is evasive or incomplete." Rule 37[a][3] notes that "an evasive or incomplete disclosure, answer or response, is to be treated as a failure to disclose, answer or respond." Plaintiff failed to respond except with boilerplate objections to Defendant's Discovery Demands and interrogatories and otherwise provided incomplete responses.

Defendants' demanded production of Plaintiff's leases or deeds (Demand 5) and federal income tax returns to the extent of showing employment (Plaintiff need not

Case 1:19-cv-09674-JMF-KNF   Document 69-1   Filed 08/20/20   Page 5 of 10

supply the balance of the demand related to the Federal income tax return). (Demand 18). See, *Kloppel v. Home Delivery Link, Inc.*, N.Y.L.J., 1/9/20 P.21 Col. 2 Vol. 263; No. 6 (USDC WDNY Case #17-CV-6296) wherein the Court:

> "It is well settled that 'district Courts enjoy broad discretion when resolving discovery disputes. That discretion is exercised by determining the relevance of discovery requests, assessing oppressiveness and weighing these factors in deciding whether discovery should be compelled...."

In so doing the court found that whether the Plaintiffs were paid wages was relevant and directed the Plaintiffs to produce their W-2 or 1099 forms.

Plaintiff's location and type of employment may be of issue since the medical records indicate some ability to walk and if the employment involves walking and steps. This also leads to ascertaining possible witnesses relevant to the nature of Plaintiff's disability. See interrogatories 1, 10, 12 and 21. On July 30, 2020, simultaneous with Plaintiff's letter motion, responses to Interrogatories were received by email setting forth a home address at (redacted), New York, New York. Apparently there should be a lease because this is an apartment building. Defendants are seeking information regarding plaintiff's residence and business so as to ascertain the extent of his disability and if there are steps, at his home or place of business. See interrogatories 2 and 3. There are indications Plaintiff can walk with a walker, as indicated on his medical report. If so, there may be an issue regarding his ability to traverse steps and standing. Defendants' demanded reports, analyses or communications related to inspections of the property and existence of ADA violations and documents in Plaintiff's possession related to remediation and readily achievable, if existing. Plaintiff is alleging the architectural

barriers are removable, and readily achievable, structurally practical and technically feasible. Defendants' architect is suggesting this may not be accurate and therefore the nature of Plaintiff's remedy is relevant. It is part of the Plaintiff's pleadings. See interrogatory 12. On July 29, 2020, Plaintiff's counsel said he had no documents to produce. The interrogatories should be addressed, and including any supporting witnesses.

With respect to the interrogatories, the Defendants seek the name, address and telephone number and place of employment and job title of persons who may have knowledge of the matters set forth in the pleadings. This includes the Plaintiff but also includes others, such as Plaintiff's employers and home aides, landlord and superintendents. If there are steps at the place of employment and residence, without ramps or lifts, the issue would be relevant as to how Mr. Antolini traverses these steps, and whether he encounters difficulty in so doing. Likewise, dates and times that the Plaintiff visited the building may be at issue and to ascertain when the Plaintiff visited the building. See interrogatory 4. The visits are relevant since they were the basis for the lawsuit. Likewise, the contention that the alterations and modifications demanded by Plaintiff in the Complaint are readily achievable, are structurally practical or technically feasible are Plaintiff's allegations and statements of the basis of how and why the alterations are readily achievable, structurally practical or technically feasible are relevant. The Defendants are not interested in the cost to do so as Defendants have already waived the costs issue. Likewise, since Plaintiff has consistently stated that his expert wishes to visit the building, Defendants should be entitled to know who is visiting

the building and the nature and type of expertise, which is requested in the interrogatories. As Judge Furman stated in ECF document #12, these do not appear to be impermissible contention interrogatories. Plaintiff's proposal to remediate should be set forth for Defendants' evaluation.

In *Pascuiti v. New York Yankees*, N.Y.L.J., 12/13/99, p. 29, col. 6, vol. 222, USDC SDNY, 2nd Dept., one of the issues to be determined was whether, as the Yankees argued, Plaintiffs had the burden of proving removable architectural barriers was readily achievable. Plaintiffs contended the Defendants had to show it was not readily achievable. The court found:

> "The plaintiffs bear the initial burden of suggesting a method of barrier removal and proffering evidence that their suggested method meets the statutory definition of readily achievable. If the plaintiffs meet this burden, the Yankees then bear the ultimate burden of proving that this suggested method of removal is not readily achievable. As explained below, this allocation of the burden remains faithful to the text of the statute and places each burden upon the party in the best position to satisfy that obligation."

The court then went on to say:

> "... the plaintiffs also have the burden of suggesting a method of removing the barrier that is easily accomplishable and able to be carried out without much difficulty or expense. 42 USC 12181(9) (definition of readily achievable). Because of the specificity of that language, this burden is heavier than the burden on the Plaintiff in *Borkowsi* to suggest the existence of a plausible accommodation, the costs of which, facially, do not clearly exceed its benefits. 63 F.3d at 139. Plaintiffs in this case must consider the four factors identified in 12181(9) and proffer evidence, including expert testimony as to the ease and inexpensiveness of their proposed method of barrier removal. Placing this burden upon the plaintiffs comports with the language of

> 12182(b)(2)(A)(iv), where defines discrimination as a failure to remove architectural barriers ... when such removal is readily achievable. 42 USC 12182(b)(2)(A)(IV). If the plaintiffs satisfy their burdens, they have made but a prima facie case of discrimination."

The court went on to say:

> "if Plaintiffs satisfy their burden of proffering evidence that a suggested method of barrier removal can be accomplished easily and without much difficulty or expense. the burden then shifts to the Yankees to rebut that showing and prove that the suggested method is not readily achievable...".

Accordingly, interrogatory 12 which requests the basis for the contention that the alterations and modifications demanded by Plaintiff in the complaint are readily achievable are structurally practicable or technically feasible and the estimated costs to do so is relevant and necessary. Likewise, the information related to the plaintiff's expert, interrogatories 20 and 21, is highly relevant.

FRCP 26(b)(1) sets forth that:

> "Unless otherwise limited by court order, the parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties relative access to relevant information, the parties resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

As set forth above, the Defendants have met their burden that the matters requested in discovery are relevant. The discovery requests relate to the Plaintiff's disability and also relate to the Plaintiff's pleadings in his own complaint. See, *Zanowic v. Reno*, 2000 WL 1376251 (SDNY 9/25/20).

In <u>Jacoby v. Hartford & Life and Accident Ins. Co.</u> 254 F.R.D. 477, 478 SDNY [2009] Honorable Lewis Kaplan held that:

> "Defendant responded to Plaintiff's two document requests and interrogatories with boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy. In fact, it produced documents and answered no interrogatories. Its responses are a paradigm of discovery abuse."

Plaintiff's general objections are an abuse of the discovery process and insufficient to withhold the documents and information, which are relevant to the claims and defenses to this action.

For a party to resist discovery and certain information, the burden is on that party to clarify and explain precisely why its objections are proper. See <u>Cox v. McClellan</u>, 174, FRD 32, 34 [WDNY 1997]; and <u>Obiajulu v. City of Rochester</u>, 166 FRD 293, 295 [WDNY 1996].

Plaintiff made no specific explanation as to why the disclosure of the documents and information would be burdensome. See <u>Caines v. City of New York</u>, 2003 WL 151993 at *1N.1 [SDNY Jan 21, 2003].

Defendants' Document Requests are directly relevant in addressing the issues of whether or not the Plaintiff is able to walk, to traverse steps and likewise the Plaintiff's position on why the architectural barriers are readily achievable.

The Defendants have placed at issue whether any removal is readily achievable and Defendants are entitled to Discovery of Plaintiff's position as to why it is readily achievable.

The discovery requests are from December 2019. To date, plaintiff has provided virtually no information.

## **_CONCLUSION_**

WHEREFORE Defendants motion should be granted together with such other and further relief as may be deemed just and proper.

Dated: New York, New York
August 20, 2020

Robert Silversmith, Esquire
SILVERSMITH & ASSOCIATES
LAW FIRM PLLC
39 Broadway, Suite 910
New York, New 10006
(212) 922-9300
rsilversmith@silversmithassociates.com

S:\SV\DATA\Client\THURCON\Anolini v. Thurman - Memorandum of Law in Support of Defendant's Motion to Compel 08-11-2020.docx