UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DINO ANTOLINI,                                    :
                    Plaintiff,              :          **MEMORANDUM AND ORDER**

              v.                     :              19-CV-9674 (JMF) (KNF)

HAROLD THURMAN, BRAD THURMAN           :
AND 33 BRE INC.,

                         :
                Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

### DEFENDANTS' MOTION TO COMPEL

       Before the Court is the defendants' motion to compel the plaintiff "to provide substantive

responses without objections to Defendants [sic] First Request for Documents and Defendants'

First Set of Interrogatories," pursuant to Rule 37 of the Federal Rules of Civil Procedure.  The

defendants assert that "plaintiff's objections are improper" and he "should be compelled to

provide full discovery responses without objections."  According to the defendants, they

"demanded production of Plaintiff's leases or deeds (Demand 5) and federal income tax returns

to the extent of showing employment (Plaintiff need not supply the balance of the demand

related to the Federal income tax return).  (Demand 18)."  The defendants assert that "location

and type of employment may be of issue since the medical records indicate some ability to walk

and if the employment involves walking and steps.  This also leads to ascertaining possible

witnesses relevant to the nature of Plaintiff's disability.  See interrogatories 1, 10, 12 and 21."

The defendants contend that they seek "information regarding plaintiff's residence and business

so as to ascertain the extent of his disability and if there are steps, at his home or place of

business.  See interrogatories 2 and 3."  The defendants "seek the name, address and telephone

number and place of employment and job title of persons who may have knowledge of the matters set forth in the pleadings," including the plaintiff, as well as "to ascertain when the Plaintiff visited the building.  See interrogatory 4."  The defendants assert that "interrogatory 12 which requests the basis for the contention that the alterations and modifications demanded by Plaintiff in the complaint are readily achievable are structurally practicable or technically feasible and the estimated cost to do so is relevant and necessary," is relevant and "the information related to  the plaintiff's expert, interrogatories 20 and 21, is highly relevant."  The defendants maintain that the plaintiff's "general objections are an abuse of the discovery process and insufficient to withhold the documents and information, which are relevant to the claims and defenses to this action."  The plaintiff made no specific explanation why disclosure of the documents and information would be burdensome.  Although "discovery requests are from December 2019," the plaintiff provided "virtually no information" to date.

The plaintiff argues that: (i) "it is defendants [sic] requests that are improper, not plaintiff's objections"; (ii) "defendants [sic] request for plaintiff's home information is wholly inappropriate"; and (iii) "defendants [sic] counsel's requests for expert materials and 'readily achievable' information is incorrect and inappropriate."  The plaintiff asserts that the defendants' "requests are wholly out of bounds and absurd," as they seek an "extraordinary breadth of materials" concerning the plaintiff's personal life, such as "his home life, deed(s) to his home, all information about people close to him, employment records and financial records," as well as "documents related to any expert's reports analysis of the subject facility."  Moreover, the defendants seek federal income tax returns, which are irrelevant, and the plaintiff's counsel informed the defendants that the plaintiff "was not employed at the time the instant action was initiated, is not currently employed, and at no time in between has he been employed."  Even if

2

the plaintiff was employed, this is an action under Title III of the Americans with Disabilities Act ("ADA") that "has nothing to do with Plaintiff's potential work/home life." Moreover, the defendants contend erroneously "that they should be allowed to know the ins and outs of home or place of business . . . there may be an issue regarding his ability to traverse steps and standing." According to the plaintiff, courts "should construe the substantial limitation standard 'broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA,'" and the standard is not demanding. The plaintiff "has been a wheelchair user for the past decade," "endures great difficulties in navigating daily life and is only able to 'stand' periodically with a walker when he gets on and off the chair," and he "is a qualified individual under the ADA," which is reflected in the medical records that the defendants already have. The defendants can depose the plaintiff or his doctors if they do not believe medical records and serve interrogatories regarding the plaintiff's disability and its impact on his life. The plaintiff asserts that the defendants seek information related to the plaintiff's expert. However, the plaintiff informed the defendants that an expert has not yet been retained and the defendants prevented access to the site for inspection.

In reply, the defendants assert that they did not request production of the entire income tax return, only that portion showing employment. According to the defendants, the plaintiff's "responses to the document demand and interrogatories did not state that the plaintiff was not employed," the plaintiff "twice declined to attend a deposition where such questions could be asked," and the plaintiff's counsel "had never previously advised Defendants' counsel that Plaintiff was not employed," which could have been achieved by "a response and/or affidavit so stating." Similarly, the defendants' requests for information regarding the plaintiff's home are limited. Since the plaintiff declined to attend his deposition, the defendants could not ask the

questions contained in the interrogatories, to which the plaintiff provided no substantive responses.  If, as the plaintiff asserts in his opposition to the motion, the "answers were obvious and settled," substantive responses should have been provided.  Furthermore, the plaintiff's "proposal to remediate should be set forth for Defendants' review," and interrogatory 12 seeks information pertaining to the plaintiff's allegation that the alterations and modifications demanded by the plaintiff are readily achievable, structurally practical or technically feasible. The plaintiff also refused to answer when he visited the building and met with architectural barrier.  The plaintiff did not answer substantively interrogatory 18, which asked for a description of the qualified disability.

## LEGAL STANDARD

"[A] party may serve on any other party no more than 25 written interrogatories."  Fed. R. Civ. P. 33(a)(1).  "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)," and "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."  Fed. R. Civ. P. 33(a)(2).  "The grounds for objecting to an interrogatory must be stated with specificity.  Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(4).

> Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent

insurance agreements, and other physical evidence, or information of a similar nature.

Local Civil Rule 33.3(a).

"A party may serve on any other party a request within the scope of Rule 26(b)" to produce "any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." Fed. R. Civ. P. 34(a)(1)(A). "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Motions to compel made under Rule 37 are left to the sound discretion of the court. See United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000).

## APPLICATION OF LEGAL STANDARD

In their memorandum of law, the defendants identify document Demand 5 and Demand 18 and interrogatories 1, 2, 3, 4, 10, 12, and 21, as disputed discovery matters. In their reply memorandum of law, the defendants identified interrogatory 18 as an additional disputed discovery matter. However, arguments raised for the first time in reply are waived and will not be considered. See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V., 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief."). The defendants knew that the plaintiff failed to answer substantively interrogatory 18, but chose not to identify and include it in the arguments made in their opening brief; thus, arguments concerning interrogatory 18 are waived and will not be considered.

***Demand 5 and Demand 18***

The defendants' document Demand 5 requested: "All leases or deeds in effect for any residential usage by Plaintiff at any time during the past four years," and the plaintiff responded: "Irrelevant and immaterial, beyond the scope of the lawsuit."  The defendants' document Demand 18 requested: "All Federal Income tax returns, including all schedules thereto, filed by Plaintiff for each of the past three years, showing employment," and the plaintiff responded: "Irrelevant, immaterial, beyond the scope of the lawsuit and mean to harass Plaintiff."

The defendants assert that Demand 5 and Demand 18 are relevant to this action, making citation to "*Kloppel v. Home Delivery Link, Inc.*, N.Y.L.J., 1/9/20 P.21 Col. 2 Vol. 263; No. 6 (USDC WDNY Case # 17-CV-6296) wherein the Court . . . found that whether the Plaintiffs were paid wages was relevant and directed the Plaintiffs to produce their W-2 or 1099 forms." However, Kloppel is inapposite because it involved the plaintiffs' claim that the defendant "misclassified them as independent contractors and took deductions from their wages in violation of New York Labor Law."  Kloppel v. HomeDeliveryLink, Inc., No.17-CV-6296, 2020 WL 2897014, at *1 (W.D.N.Y. June 3, 2020).  As the plaintiff's earnings are not at issue, his federal income tax returns requested in the defendants' Demand 18 are irrelevant to this action.  The defendants failed to explain the relevance of the plaintiff's "leases or deeds in effect for any residential usage by Plaintiff at any time during the past four years," or how those documents would aid the defendants in ascertaining the nature or extent of the plaintiff's disability.  The Court finds that Demand 5 seeks irrelevant information.  Since Demand 5 and Demand 18 seek irrelevant information, the plaintiff's objections on the ground of relevancy are sustained.

***Interrogatory 1***

The defendants' interrogatory 1 requested:

> Please provide the name, address, telephone number, place of employment, and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Fed. R. Civ. Proc 7(a)), filed in this action, or any fact underlying the subject matter of this action.

The plaintiff's supplemental response states: "Plaintiff and all named defendants." Since the plaintiff responded to interrogatory 1, and the defendants do not explain the basis for their belief that additional information exists that the plaintiff did not include in his response to interrogatory 1, compelling the plaintiff to respond to interrogatory 1 is not warranted.

### *Interrogatories 2 and 3*

The defendants assert that they seek "information regarding plaintiff's residence and business so as to ascertain the extent of his disability and if there are steps, at his home or place of business. See interrogatories 2 and 3." The defendants' interrogatory 2 requested: "Please provide your current residential and business addresses including the building or house number, the City, borough if applicable, and the state, and the number of years during which you have been residing at your current address." The plaintiff's supplemental response states: "Plaintiff resides at 443 West 25 Street, NY, NY." The plaintiff responded to interrogatory 2 by providing his address and, as he asserts that he is not employed, no business address exists. The defendants do not contend or provide any basis for believing that the plaintiff is employed. The defendants failed to explain the relevance of "the number of years during which" the plaintiff has been residing at his current address. Since the plaintiff responded to interrogatory 2, compelling the plaintiff to respond to interrogatory 2 is not warranted.

The defendants' interrogatory 3 requested: "Please state whether there are steps at the entrance to your current residence address and if so whether your current residence has a ramp with appropriate slope and signage or an otherwise appropriate and accessible entrance." The

7

plaintiff's supplemental response states: "Irrelevant, immaterial, outside the scope of the Complaint, burdensome, meant to harass and or annoy, oppressive, invades privacy."

To prevail on his ADA Title III claim, the plaintiff must establish the following elements: (1) he "is disabled within the meaning of the ADA"; (2) "the defendants own, lease, or operate a place of public accommodation"; and (3) "the defendants discriminated against the plaintiff within the meaning of the ADA." Roberts v. Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008). The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1). "Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Although the definition of disability under the ADA is "construed in favor of broad coverage of individuals," 42 U.S.C. § 12102(4)(A), the information requested in the defendants' interrogatory 3 is relevant to any challenge they may wish to make to the first element of the plaintiff's ADA claim and proportional to the needs of the case. The plaintiff's assertion that he "has been a wheelchair user for the past decade" and "endures great difficulties in navigating daily life and is only able to 'stand' periodically with a walker when he gets on and off the chair" are unsupported by evidence, and the defendants are allowed, if they wish, to challenge medical records the plaintiff asserts he already provided to them by using procedural tools at their disposal. The plaintiff failed to explain why providing a response to interrogatory 3 is burdensome, oppressive or how it invades the plaintiff's privacy given that it seeks information about the entrance to a residential building, not a private residence. The Court finds

that interrogatory 3 seeks relevant information, and the plaintiff's objections to interrogatory 3 are overruled.

### Interrogatory 4

The defendants assert that "dates and times that the Plaintiff visited the building may be at issue and to ascertain when the Plaintiff visited the building. See interrogatory 4. The visits are relevant since they were the basis for the lawsuit." The defendants' interrogatory 4 requested:

> Please state all dates and time you visited the building allegedly controlled by Harold Thurman, Brad Thurman and 33 Bre Inc. and were denied full and equal access to the premises, and the means of transportation you used to pay a visit to the Subject facility located at 82~88 Fulton Street, New York, New York.

The plaintiff's supplemental response states: "See Plaintiff's Complaint; Irrelevant, immaterial."

The plaintiff failed to address interrogatory 4 in his opposition to the motion. The Court finds that interrogatory 4 is relevant to this action, including any challenge the defendants may make to the first element of the ADA claim pertaining to the plaintiff's disability. Thus, the plaintiff's objections to interrogatory 4 are overruled.

### Interrogatory 10

The defendants' interrogatory 10 requested: "Please state the name, address and telephone number of any Home Health Aides assisting you at your home, the days and hours of such assistance, whether such is through a private agency or governmental agency and set forth the name and address of the agency." The plaintiff's supplemental response states: "Irrelevant, immaterial, outside the scope of the Complaint, burdensome, meant to harass and or annoy, oppressive, invades privacy."

The plaintiff failed to explain why interrogatory 10 is irrelevant, burdensome, oppressive or invades privacy. The defendants seek information relevant to the first element of the

plaintiff's ADA claim and limited to the current home health aide assistance, if any, the plaintiff is receiving.  The plaintiff's unsupported assertions about the nature and extent of his disability or his preference for other means of discovery are not sufficient to support his objections; thus, the plaintiff's objections to interrogatory 10 are overruled.  The Court finds that compelling the plaintiff to respond to interrogatory 10 is warranted.

### *Interrogatory 12*

The defendants' interrogatory 12 requested: "Please state the basis for your contention that the alterations and modifications demanded by Plaintiff in the complaint are 'readily achievable', are 'structurally practical' or are 'technically feasible' and the estimated costs to do so."  The plaintiff's supplemental response states: "Improper inquiry."

Although the defendants assert that interrogatory 12 seeks information that "is part of the Plaintiff's pleadings," they failed to make citation to any paragraph in the complaint.  The plaintiff asserts in the complaint that he believes the defendants have "sufficient income to make readily achievable accessibility modifications" and the removal of architectural barriers "is readily achievable."  See Docket Entry No. 1 (¶¶ 11, 12, 17 and 27).  The words "alterations," "structurally practical" and "technically feasible" do not appear in the complaint, and the plaintiff does not allege "the estimated costs to do so."  The Court finds that the basis for the plaintiff's belief upon which he made an allegation in the complaint is proper matter for inquiry, and compelling the plaintiff to respond to the following part of interrogatory 12: "Please state the basis for your contention that accommodations and modifications to remove barriers are readily achievable," is warranted.

*Interrogatories 20 and 21*

The defendants assert that "the information related to the plaintiff's expert,

interrogatories 20 and 21, is highly relevant."  The defendants' interrogatory 20 requested:

> For each person who is expected to be called as a fact witness for you during the trial of this matter, please provide:
> a. The substance and basis for the witness's anticipated testimony;
> b. The witness's relationship to you;
> c. Any payment made by or on your behalf to the witness, or on the witness's behalf in the past five years;
> d. Whether there are any agreements, understandings, promises or expectations for any payments to be made by you, or on your behalf, to the witness. or on the witness's behalf.

The plaintiff's supplemental response states: "Plaintiff."

The plaintiff responded to interrogatory 20 that he is the only witness expected to be

called as a fact witness at trial.  Thus, compelling the plaintiff to respond to interrogatory 20 is

not warranted.

The defendants' interrogatory 21 requested:

> For each person who has been retained to act as an expert, or who otherwise is expected to be called as an expert witness for you during the trial of this matter, please provide:
> a. The expert's name;
> b. The expert's profession;
> c. The expert's work address (or home address if no work address exists);
> d. Subject matter on which the expert is expected to testify;
> e. The source of all facts relied upon by the expert;
> f. The facts determined and opinions formed by the expert;
> g. The expert's fee arrangement in this case;
> h. A list of all cases in which the expert has appeared as an expert witness in the past five years for;
> i. I. The plaintiff(s); and
>    II. The defendant(s).
>        The source and amount of all of the expert's income for the past five years.

The plaintiff's response states: "Interrogatory is in violation of SDNY Local Rule 33.3(a)."

Interrogatory 21 concerns the plaintiff's expert witness. However, disclosure of expert testimony is governed by Rule 26(a)(2), not Rule 33. Moreover, the plaintiff asserts that an expert has not been retained. Thus, compelling the plaintiff to respond to interrogatory 21 is not warranted.

## CONCLUSION

For the foregoing reasons, the defendants' motion to compel the plaintiff to respond to discovery requests, Docket Entry No. 69, is denied in part and granted in part. On or before October 20, 2020, the plaintiff shall provide responses to the defendants' interrogatories, as indicated above.

Dated: New York, New York
      October 13, 2020

SO ORDERED:

_Kevin Nathaniel Fox_

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE