```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DINO ANTOLINI,                                              :

                    Plaintiff,          :      MEMORANDUM AND ORDER

            v.                          :      19-CV-9674 (JMF) (KNF)

HAROLD THURMAN, BRAD THURMAN             :
AND 33 BRE INC.,
                                        :
                    Defendants.
------------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## PLAINTIFF'S MOTION TO COMPEL SITE INSPECTION

Before the Court is the plaintiff's motion "to Compel Site Inspection," pursuant to Rule 37 of the Federal Rules of Civil Procedure. The plaintiff served the defendants with the "Plaintiff's Rule 34 Request for Entry upon Land for Inspection and Other Purposes," alleging that he experienced "barriers to access on property located at 82-88 Fulton Street, New York, New York 10038" and requesting that the defendants permit "Plaintiff's counsel entry upon land on January 6, 2020 to further inspect the barriers alleged by Plaintiff and denied by Defendants, including, but not limited to, each and every business defined by the ADA as a public accommodation then and there existing." The defendants objected, stating that: (1) the plaintiff and his counsel "have full access to said exterior stairs which are the only alleged barriers stated in the complaint"; and (2) the defendants do not "have any authority or permission over any public accommodations that may be controlled by others." In their supplemental response to the plaintiff's request, the defendants asserted, inter alia:

> The landlord does not possess keys to the retail stores and the leases do not provide for access to third persons other than owner and its agents. If Owner itself is not permitted access by the retail tenants, such would require a lawsuit to enforce

1

access. Defendants have reached out to all the store tenants regarding access. Most of the store tenants are currently gated. Notably, none are currently paying rent and it is unclear whether several will re-open. None of the store tenants have responded affirmatively with respect to permission. Defendants will continue to reach out to the store tenants and reserve the right to supplement this response.

The plaintiff asserts that "[f]or over nine months, defendants have refused to allow Plaintiff's Expert access for inspection of the retail stores, in violation of their Fed. R. Civ. P. 34 obligations," claiming: (a) they "don't have the keys to the stores"; (b) "the store tenants were not responding to the management company's inquiries"; (c) "the store tenants had 'not been responding to requests to pay outstanding rents'"; and (d) "the lease did not allow third persons to go into the premises without tenants' permission" and "[t]he lease provided that an owner or agent has access on reasonable notice but [does] not provide access to third persons." The plaintiff argues: (i) "defendants' total misunderstanding(s) of law may not prevent plaintiff's expert from performing a site inspection"; and (ii) "defendant's [sic] excuse for their Rule 34 non-compliance has no basis in fact or law" because "[t]he lease clearly does allow Plaintiff's expert access" since the defendants "possess and control the subject facility." The plaintiff seeks an order compelling "the long over-due site inspection under Fed. R. Civ. P. 37 and Fed. R. Civ. P. 34."

In opposition to the motion, the defendants argue: (1) "a lease is a conveyance of real estate and only those rights reserved in the lease are reserved to landlord" and "33 BRE Inc. is the owner of the building and landlord under the net lease," but "is not the party who entered into the store leases, as landlord" and "is therefore not in direct privity with the store tenants"; (2) "the store tenants are non-parties to this action"; (3) "entry without the store tenants' permission would constitute a trespass"; and (4) "plaintiff has not established a legal right to

enter and examine the various store premises without first obtaining the consent from the store tenants."

In reply, the plaintiff contends that "article 13 of the subject lease" allows the plaintiff and his expert "to access the premises for ADA [Americans with Disabilities Act] inspection," and the defendants "have pointed to no portion of the lease nor any applicable law to support their position." Moreover, the defendants informed the plaintiff "that a number of the store owners have vacated the premises and defendants have taken control."

## LEGAL STANDARD

"A party may serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Motions to compel made under Rule 37 are left to the sound discretion of the court. See United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000).

"[O]nce a plaintiff establishes standing with respect to one barrier in a place of public accommodation, that plaintiff may bring ADA challenges with respect to all other barriers on the premises that affect the plaintiff's particular disability." Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 188 (2d Cir. 2013). "The ADA's remedial scheme is not limited to orders for the removal of encountered barriers, but instead dictates that 'injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'" Id. at 188–89 (citation omitted).

3

## APPLICATION OF LEGAL STANDARD

The plaintiff's request for a site inspection is relevant and proportional to the needs of the case. The defendants' objection that the plaintiff's access is limited only to "said exterior stairs which are the only alleged barriers stated in the complaint" is overruled as meritless. See Kreisler, 731 F.3d at 188. Defendant 33 Bre Inc. admitted in its answer that "it is the owner or lessee or operator of the building" at issue in this action. Docket Entry No. 12, ¶ 5. Although the defendants assert that "the lease did not allow third persons to go into the premises without tenants' permission" and "[t]he lease provided that an owner or agent has access on reasonable notice but [does] not provide access to third persons," the defendants did not submit "the lease" which they assert prevents them from providing the site inspection to the plaintiff, and legal conclusions concerning "the lease", in a declaration by defendant Brad Thurman, are improper. The defendants' objection, based on the assertion that the defendants do not "have any authority or permission over any public accommodations that may be controlled by others", is overruled as meritless and unsupported by any evidence.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion to compel the defendants to allow a site inspection to the plaintiff, including his expert, Docket Entry No. 68, is granted. On or before October 23, 2020, the defendants are ordered to permit the site inspection of their entire property located at 82-88 Fulton Street, New York, New York 10038.

Dated:  New York, New York         SO ORDERED:
       October 13, 2020

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE