UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------X
DINO ANTOLINI,

                 **Plaintiff,**             **Case No.:1:19-cv-09674-JMF**

      **-against-**                **DECLARATION IN SUPPORT
OF DEFENDANTS' MOTION**

HAROLD THURMAN, BRAD THURMAN,   **FOR SUMMARY JUDGMENT**
and 33 BRE INC.,                  **AND PRECLUSION OF
PLAINTIFF'S EXPERT**

              **Defendants.**
--------------------------------------------X

    **ROBERT SILVERSMITH,** an attorney duly admitted to practice law before the United States District Court, Southern District of New York, declares as true under the penalties of perjury:

    1.    I am a member of Silversmith & Associates Law Firm, PLLC attorneys for the Defendants in the above-referenced matter, and I respectfully submit this Declaration in support of (a) the Motion for summary judgment, (b) in the event summary judgment is denied then for partial summary judgment as to non-feasibility readily achievable exterior access and (c) for an order of preclusion as to Plaintiff's expert precluding the Plaintiff's expert from offering testimony, affidavits, an expert report, or otherwise from participating in this case.

**BACKGROUND**

    2.    A copy of the Summons and Complaint is annexed as **Exhibit "A"**. See ECF Docket 1. A copy of the Affidavits of Service of the Summons and Complaint is annexed as **Exhibit "B"**. A copy of the Defendants' Answer is annexed as **Exhibit "C".** See ECF Doc 12. The Complaint in pertinent part alleges as follows:

        a.    The first count alleges violations of the Americans with Disabilities

Act, that set forth in conclusory form that the subject facility is a place of public accommodation, that Plaintiff is informed and believes and alleges the subject facility had begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990 and can make readily achievable accessibility modifications; that plaintiff was discriminated by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(a)(IV) where such removal is readily achievable; that Plaintiff intended to use Defendants facility but was denied access to each and every retail store, suffered an injury in fact which caused embarrassment, anxiety and frustration to the Plaintiff; that there are violations occurring at the subject facility as follows: § 206.2.1 the property fails to comply with site arrival points; fails to provide access to the accessible building facility entrance served due to steps by failure to install ramps with appropriate slope and signage/or otherwise provide an accessible designated entrance per 28 CFR part 36; that these steps are insurmountable barriers to the Plaintiff who uses a wheelchair violating 207; Standards 4.3.2(1) requires at least one accessible route to the accessible building entrance. The steps violate 206.4 that entrances comply with 404 on an accessible route complying with 402. Failure to provide adequate directional and informational signage per CFR36. Section 4.1.3(16) failure to provide signage re accessible services per 28 CFR part 36; section 4.30.4. 45.1;.General ground and floor surfaces with stable, firm, slip resistance complying with 4.5. 4.3.10. Route serving any accessible space shall also serve as a means of egress for emergencies. The Complaint further alleges upon information and belief there are other violations. 42 U.S.C. 12188 the Court is

vested with authority for injunctive relief.  It is alleged removal of architectural barriers is readily achievable, and Defendants are required to make public accommodations accessible to individuals with disabilities.

      b.      Count two alleges violations of the New York City Human Rights Law.

      c.      Count three alleges violations of the New York State Human Rights Law and has separate categories denominated attorney's fees and costs, damages and injunctive relief.

      d.      The wherefore clause requests injunctive and declaratory relief: and then categorizes such as (A) A declaration that the property is violation of the ADA, the New York City Human Rights Law and the New York State Human Rights Law; (B) Defendants alter the facility to make them accessible  to individuals with disabilities as required by by Title III of the ADA, the NYCHRL and the NYSHRL; (C) Awarding Plaintiff compensatory damages; (D) Issuing a permanent injunction to provide accessible routes for individuals who use wheelchairs; (E) Awarding Plaintiff punitive damages; (F) Finding Plaintiff is the prevailing party and awarding attorney's fees and costs and expenses and such other relief as deemed just and proper.

3.      The Defendants answer dated November 15, 2019 alleges as follows:

      a.      Defendants denied knowledge or information sufficient to form a belief as to whether Plaintiff had visited the premises and had a qualified disability; admitted 33 Bre Inc. is the deed owner; deny Harold and Brad Thurman are owners, lessees or operators; deny Defendants control of the subject facility; deny that the subject facility began operations or had undergone substantial

remodeling, repair and/or alterations since January 26, 1990 and   deny that any modifications requested were readily achievable; deny knowledge or information as to whether Plaintiff sought to visit the premises and whether Plaintiff was embarrassed, anxious and frustrated; there were also many allegations that required a legal conclusion and quotes of "statutes."

      b.     The Defendants allege various Affirmative Defenses as follows: The First Affirmative Defense alleges a failure to state a claim upon which relief may be granted; The Second Affirmative Defense allege Plaintiff lacks standing. The Third Affirmative Defense alleges Defendants have not refused to take steps or refused to make modifications that are readily achievable including as to  architectural barriers; The Fourth Affirmative Defense alleges the request for modifications that have not been accomplished, are not technically infeasible, not readily achievable or impose an undue hardship and burden or would result in a significant loss. The Fifth Affirmative Defense alleges that modifications would fundamentally alter the nature of the premises and is structurally impractical. The Sixth Affirmative Defense alleges if the premises was substantially modified after January 26, 1992, the requested modification costs is disproportionate to the overall alteration cost. The Seventh Affirmative Defense alleges the Plaintiff's claims are barred by unclean hands, estoppel, laches and waiver. The Eighth Affirmative Defense alleges Plaintiff's claims are barred in whole or part by applicable statutes of limitation. The Ninth Affirmative Defense alleges the suit is barred under principles of Champerty and Barratry. The Tenth Affirmative Defense alleges Plaintiff failed to fulfill conditions precedent to the suit including administrative

remedies. The <u>Eleventh Affirmative Defense</u> alleges Plaintiff should not be awarded damages, costs or fees for failure to make pre-suit demand which may have resolved the matter and served judicial economy. The <u>Twelfth Affirmative Defense</u> alleges Defendants should not be obligated to perform a remediation which is not readily achievable. The <u>Thirteenth Affirmative Defense</u> alleges the Americans with Disability Acts is inapplicable. The <u>Fourteenth Affirmative Defense</u> alleges the Administrative Code of the City of New York is inapplicable. The <u>Fifteenth Affirmative Defense</u> alleges the New York Executive Law is inapplicable. The <u>Sixteenth Affirmative Defense</u> alleges has Plaintiff has failed to name necessary and indispensable parties, to wit the Commercial tenants occupying the commercial space and controlling the various premises for which violations are alleged. The <u>Seventeenth Affirmative Defense</u> alleges Harold Thurman and Brad Thurman were improperly named as Defendants; the complaint alleges assertions and the individual Defendants are not operators such that the action should be dismissed against the Defendants individually. The <u>Eighteenth Affirmative Defense</u> alleges the removal of the alleged architectural barrier is not readily achievable. The subject facility has not been substantially altered since at least the 1980's and any remediation is not readily achievable and would impose an undue hardship and burden. The <u>Nineteenth Affirmative Defense</u> alleges the action should be dismissed under NYSCRL as Plaintiff failed to allege which report to provide notice as a condition precedent to the Attorney General. The <u>Twentieth Affirmative Defense</u> alleges the Defendant 33 Bre Inc. was not served in accordance with the appropriate statute and law. The counterclaim of Defendants

requests legal fees and costs in defending this action.

4.      The Defendants' arguments for summary judgment are in essence several:

(a) Personal jurisdiction was not obtained over 33 Bre Inc., as set forth in the twentieth affirmative defense;

(b) Brad Thurman is not a principal of 33 Bre Inc. and should not have been named individually;

(c) Harold Thurman is deceased as of November 3, 2020.

(d) Plaintiff has not established he went to the subject premises;

(e) Plaintiff, in the Complaint, has not alleged any ADA violations as to the stores;

(f) Plaintiff has stated that the only fact witness will be Dino Antolini;

(g) Plaintiff has not established that access to the stores is readily achievable.

(h) That the request by Plaintiff for remediation would impose an undue hardship or provide a significant loss.

(i) That the requested remediation cost is disproportionate to the benefit.

(j) That the Plaintiff has not set forth a readily capable plan that can be accomplished by the Defendants.

(k)    That Plaintiff has failed to name all parties necessary to accomplish remediation if required.

(l) That the Plaintiff should be precluded from offering an expert report, expert testimony, expert affidavit in support of its position.

## **Background in support of the preclusion order.**

5.      Defendants' served a first set of Plaintiff "Interrogatories" of Plaintiff dated

December 20, 2019, annexed as **Exhibit "D".**  Paragraphs 20 and 21 requests responses

related to the expert. With respect to paragraph 21:

> "For each person who has been retained to act as an expert
> or who otherwise is expected to be called as an expert
> witness during the trial of this matter, please provide:
> (a) the expert's name;
> (b) the expert's profession;
> (c) the expert's work address (if not work address exists);
> (d) subject matter on which the expert is expected to testify;
> (e) the source of all facts relied upon by the expert;
> (f) the facts determined and opinions formed by the expert;
> (g) the expert's fee arrangement in this case;
> (h) a list of all cases in which the expert has appeared as an
> expert witness in the past five years
> I. The Plaintiff(s) and
> II. The Defendant(s)
> I. The source and amount of all of the experts income for the
> past five years."

6.      On December 20, 2019, the Defendants also served Plaintiff with a notice of

service of fact and Plaintiff expert witness interrogatories requesting responses from

Plaintiff's expert, a copy of which is annexed as **Exhibit "E".**

7.      Defendants also served on December 20, 2019, a first request for

production from the Plaintiff's expert, a copy of which is annexed hereto as **Exhibit "F".**

8.      Plaintiff responded to Defendants first request for Expert Interrogatories

dated February 13, 2020, No. 5 as to the curriculum vitae, a copy of which is annexed as

**Exhibit "G", "**None at this time" as Plaintiff reserves his right to supplement.

9.      Plaintiff responded to Defendants first set of interrogatories including as to

paragraphs 20 and 21 on February 13, 2020 stating that the interrogatory is in violation

of SDNY Local Rule 33.3(a).  See **Exhibit "H".**

10.     Thereafter the parties held an initial conference before Judge Jessie M. Furman in May 2020. See transcript of the May 13, 2020 conference, annexed as **Exhibit "I"**. There was a discussion as to the lease agreement and whether or not Plaintiff's counsel had the right under the store leases to enter the premises with his expert.  See ECF Doc. 42, page 9, wherein Plaintiff's counsel states:  "Mr. Finkelstein: I want to get my expert in there first and then I would want to depose their expert."  Defendants' counsel stated on page 10. "Mr. Silversmith … we would welcome for Mr. Finkelstein a proposal by his expert in how we can remediate."

11.     The court later stated:  The Court: Let me interrupt. I get it but these are all issues that would have to be aired out by your respective experts."

12.     Plaintiff's counsel stated on page 12:

> "Mr. Finkelstein…My expert is pretty efficient He can do into each store…

13.     To that end, the Defendants assumed that the Plaintiff's counsel had an expert ready to inspect the space.

14.     By email dated June 15, 2020, annexed as **Exhibit "J"**, Plaintiff's counsel emailed Defendants counsel stating in pertinent part:

> "Please meet at the building Wednesday June 17, 2020 at 9:00 am or Thursday June 18, 2020 at 9:00 am, which are the available times. Please provide the name, address and telephone number of your expert."

15.     Plaintiff's counsel responded by email on June 15, 2020 at 4:30 pm as follows:

> "We have sent you our discovery responses; check your

emails for the month of February 21, 2020."

16.     On June 16, 2020 an "initial disclosure" of Plaintiff Dino Antolini pursuant to Rule 26 of the Federal Rules of Civil Procedure" was served on Defendants, a copy of which is annexed as **Exhibit "K".**  In response to paragraph 1, requesting the name, home address and telephone number of each individual likely to have discoverable information, Plaintiff responded and listed Dino Antolini only.

17.     On June 16, 2020 Defendants' counsel wrote by email to Plaintiff's counsel annexed as **Exhibit "L"** in pertinent part as follows:

> "Nor did you respond yesterday to the request for the name, address and telephone number of your expert, who you now say exists."

18.     By further email dated June 16, 2020, annexed as **Exhibit "M".** Defendants counsel wrote to Plaintiff's counsel as follows:

> "The Plaintiff's expert mentioned in your email of June 13, 2020 is unknown since you have declined to provide a name and address."

19.     Following an email request to meet and confer dated July 27, 2020 by Defendants regarding responses and depositions, by email dated July 29, 2020 annexed as **Exhibit "N"** Defendants' counsel wrote to Plaintiff's counsel after the meet and confer in pertinent part as follows:

> "I am offering to meet you and/or your expert at the building on August 3, 4 or 5, 2020 to inspect the exterior and will then seek to gain access to the store.
>
> You have advised you will not hold a deposition of Plaintiff as noticed for August 12, 2020 nor the deposition of Defendants until after you have access to the stores. Thank you."

20.     Unbeknownst to Defendants' counsel, Plaintiff's expert had already

inspected the exterior of the building on July 28, 2020, as indicated in his November 18, 2020 report. See **Exhibit " C1"**

21.     On August 10, 2020, Defendants' counsel wrote by email annexed as **Exhibit "O"** to Plaintiff's counsel in pertinent part as follows:

> "There is a deposition scheduled for Mr. Antolini for August 12, 2020. Please advise if you will be attending. I currently have a reporter scheduled.
>
> Likewise kindly advise me whether you will be going forward with the deposition of Harold Thurman on August 13, 2020 and Brad Thurman on August 20, 2020 so that I can plan accordingly. Thank you."

22.     Thereafter, discovery issues were referred to Magistrate Judge Kevin Fox who requested motions to compel. Defendants served a motion to compel the Plaintiff to provide substantive responses to Defendants' first request for documents and Defendants first set of interrogatories dated August 20, 2020, a true copy of which is annexed as **Exhibit "P"**. The Declaration of Robert Silversmith dated August 20, 2020, ECF Doc. 69-2, p. 5 requested that Plaintiff be compelled to respond to Defendants' Interrogatories which included several as to Plaintiff's expert.

23.     Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel dated September 17, 2020 ECF Doc 76, p. 5 set forth as follows: "As Plaintiff has told Defendants' counsel numerous times, an expert had not yet been retained and no complete readily achievable analysis is available because of Defendants' own conduct!" See **Exhibit "Q"**.

24.     By memorandum and order dated October 13, 2020 annexed as **Exhibit "R"**, ECF Doc. 80, p. 11 Magistrate Judge Kevin Fox denied the motion to compel

responses to Defendants' interrogatories 20 and 21 as follows:

"**Interrogatories 20 and 21**

The Defendants assert that "the information related to the

Plaintiff's expert Interrogatories 20 and 21, in highly relevant."

The Defendants' Interrogatory 20 requested:
For each person expected to be called as a fact witness for
you during the trial of his matter please provide:
(a) The substance and basis for the witnesses anticipated
testimony;
(b) The witnesses' relationship to you;
(c) Any payment made by you or on your behalf to the
witness, or on the witnesses behalf in the past five years;
(d) Whether there are any agreements, understandings,
promises or expectations for any payment to be made by you,
or on your behalf, to the witness, or on the witness' behalf.

The Plaintiff's supplemental response states: "Plaintiff"

The Plaintiff responded to interrogatory 20 that he is the only

witness expected to be called as a fact witness at trial. Thus,

compelling the Plaintiff to respond to interrogatory 20 is not

warranted.

The Defendants' interrogatory 21 requested:

For each person who has been retained to act as an expert,
or who otherwise is expected to be called as an expert
witness for you during the trial of this matter, please provide:
a) the expert's name;
b) the expert's profession;
c) the expert's work address (or home address if no work
address exists);
d) subject matter on which the expert is expected to testify;
e) the source of all facts relied upon the expert;
f) the facts determined and opinions formed by the expert; g)
the expert's fee arrangement in this case;
h) a list of all cases in which the expert has appeared as an
expert witness in the past five years for:

i)     I. The Plaintiff(s) and
       II. The Defendant(s)
The source and amounts of all of the experts' income for the
past five years.

The Plaintiff's response states: 'Interrogatory is in violation of
SDNY Local Rule 33.3(a)'.

Interrogatory 21 concerns the Plaintiff's expert witness.

However disclosure of expert testimony is governed by Rule

26(a)(2) not Rule 33. Moreover, the Plaintiff asserts that an

expert has not been retained. Thus compelling the Plaintiff to

respond to interrogatory 21 is not warranted."

25.      Defendants and the court were advised no Plaintiff's expert had been

retained. Defendants were advised that Plaintiff would not retain an expert to inspect the

exterior until there was absolute assurance of gaining an inspection of the interior.

Plaintiff had already inspected the exterior on July 28, 2020, but did not advise

Defendants or the court and did not proffer a report as to the exterior for almost four

months advising the Court in September 2020 that no expert had yet been retained.

26.      On October 13, 2020, the date of Magistrates Judge Fox's Order, Plaintiff's

counsel later emailed Defendants' counsel by email annexed as **Exhibit "S"**, as follows:

        "Pursuant to the Judge's order today's date, submit to us
        various dates and times for Plaintiff's expert to inspect the
        subject facility."

27.      The inspection was then scheduled for October 22, 2020. On October 21,

2020 Defendants' counsel emailed to Plaintiff's counsel, annexed as **Exhibit "T"** as

follows:

        "Who are we meeting at 12:00 pm Thursday for the site

inspection and do you have a cell phone number for this
person. Thank you."

28.     Plaintiff's counsel responded by email annexed as **Exhibit "T"** on October

21, 2020 as follows: "Plaintiff's expert", In further response to Defendants' counsel,

Plaintiff's counsel responded by email annexed as Exhibit "T" can you give me a name?

Plaintiff's counsel responded "Billy".

29.     Defendants counsel met with Plaintiff's expert at the site on October 22,

2020. Plaintiff's expert then provided his name and address.

30.     Plaintiff had indicated in his initial responses to Defendants' Interrogatories

and Expert Interrogatories that he reserved the right to supplement his responses.

Plaintiff failed to do so. Defendants also served a second set of Plaintiff expert production

and expert interrogatories October 22, 2020 after the site visit together with a notice to

take a deposition of Plaintiff's expert.  See **Exhibit "U", "V"** and "**W**".

31.     The deposition of the expert was noticed for October 30, 2020.   Until

October 13, 2020, Plaintiff's counsel had represented to Magistrate Judge Kevin Fox that

no expert had been retained. Therefore the Court had ordered no interrogatory

responses as to the expert.  Judge Fox accepted Plaintiff's representations. Until that date

there was a representation there was no Plaintiff's expert and that Dino Antolini was the

only factual witness. On October 29, 2020, Plaintiff's counsel emailed Defendants' counsel

that the Expert Deposition would not take place: "No one's available for depo tomm." See

**Exhibit "X"**.

32.     Notwithstanding, a reporter was scheduled and a record made on October

30, 2020.  A copy of the transcript is annexed as **Exhibit "Y".**

33.     With respect to Defendant's Motion to compel, Magistrate Judge Fox had

ordered Plaintiff to respond to several other interrogatories by October 20, 2020.

34.     With respect to Defendants' interrogatory 12, Magistrate Judge Fox ordered

on p. 10, Exhibit R as follows:

> "… The Court finds that the basis for the Plaintiff's belief upon
> which he made an allegation in the complaint is proper matter
> for inquiry and compelling the Plaintiff to respond to the
> following part of interrogatory 12: "Please state the basis for
> your contention that accommodation and modification to
> remove barriers are readily achievable is warranted"

35.     Plaintiff's responses served October 29, 2020 responded annexed as

**Exhibit "Z"** stated:

> 12. All Defendants have waived any and all objections to the
> costs of any repairs, modifications and/or repairs which is a
> major component of the readily achievable standard and is
> part of the record."

36.     Defendants waiver in fact is limited to Defendants defenses related to a

financial inability to remediate pursuant to a letter written to the court and subsequent

order.  See **Exhibit "A1"**.  Defendants' timely set forth two expert reports as to why

remediation to access to the premises was not readily achievable by October 30, 2020,

the end date of disclosure. Plaintiff's expert should be held to the same standard.

Plaintiff's expert should be precluded from testifying or otherwise appearing in this action

or setting forth any opinion or report.  Plaintiff has set forth that Dino Antolini is his only

witness.   Plaintiff failed to provide any relevant statement as to why remediation is

readily achievable.

37.     Defendants offered Plaintiff a site  inspection in June and August 2020 for

multiple dates.  Plaintiff declined absent a court order. The Plaintiff's expert did not issue

a report, as to the exterior site visit of July 28, 2020 until November 16, 2020 and provided November 18, 2020.

38.     The end date of disclosure was October 30, 2020. There was no Plaintiff's architect's report by October 30, 2020.

39.     At the conference on November 4, 2020,ECF Doc 88, page 4, Plaintiff's counsel indicated that he would submit the report as follows: "Hopefully, I can get ahold of him this afternoon, tonight and then submit my report."  Plaintiff's architect's report was received on November 18, 2020 and consisted of two reports, one related to the interior and the other related to the exterior.  See Plaintiff's Reports of the Exterior and the Report of the Interior  annexed as **Exhibits  "B1"** and **"C1"**.  Both reports are dated November 16, 2020.  The report related to the exterior states an exterior survey was conducted by Plaintiff's expert on July 28, 2020 at approximately 2:00 p.m. in the afternoon.  The report further states that:  "No survey of any interior retail space was conducted as per your instruction."  Plaintiff informed Judge Magistrate Fox on September 17, 2020 that an expert had not been retained, almost two months after Plaintiff's expert had already inspected the exterior of the building, and had been instructed by Plaintiff's counsel to not inspect the interior.

40.     By reason of the foregoing, summary judgment should be granted. If summary judgment is not granted partial summary judgment should be granted, as to the exterior.  Likewise, an order of preclusion should be issued against the expert.

**WHEREFORE** it is respectfully requested Defendants' motion be granted together with

such other and further relief as may be deemed just and proper.

Dated:   New York, New York
         December 2, 2020

*ROBERT SILVERSMITH*