Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DINO ANTOLINI,

                Plaintiff,              Case No.:1:19-cv-09674-JMF

   -against-

HAROLD THURMAN, BRAD THURMAN,
and 33 BRE INC.,

                Defendants.
-----------------------------------------------------------X

### **DEFENDANTS FIRST SET OF INTERROGATORIES OF PLAINTIFF**

Defendants by and through their undersigned counsel, Silversmith & Associates Law Firm PLLC and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby requests Plaintiff, DINO ANTOLINI, produce the below requested documents to Defendants at the Law Offices of Silversmith & Associates Law Firm, PLLC, 39 Broadway, Suite 910, New York, New York 10006 by January 23, 2020. Defendants adopt and incorporate by reference the Uniform Definitions in Discovery Requests Set forth in Rule 26.3 of the Local Civil Rule.

1

## DEFINITIONS

1. The words "you," "yours," and/or "yourselves" mean Plaintiff(s) and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on the behalf of Plaintiff(s).

2. The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation".

3. "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

4. The word "document" shall mean any writing, recording or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issuesin this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

5. "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on the behalf of another.

6. "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

7. The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

8. The terms "third party" or "third parties" refers to individuals or entities that are not a party to this action.

9. The term "action" shall mean the above captioned case, pending in the United States District Court for the Southern District of New York.

## *INSTRUCTIONS*

10. The word "identify", when used in reference to a document, means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (i.e. correspondence, memorandum. facsimile, etc.), (2) the general subject matter of the document; (3) the date of the document; (4) the author of the document; (5) the addressee of the document; and (6) the relationship of the author and addressee to each other.

If you object to fully identifying a document or oral communication because of a privilege you must nevertheless provide the following information pursuant to Southern District of New York L.R. 26.2 unless divulging the information would

3

disclose the privileged information:

1. The nature of the privilege claimed (including work production);

2. If the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

3. The date of the document or oral communication;

4. If a document; its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and if not apparent, the relationship between the author and addresses;

5. If an oral communication: the place where it was made, the names of the persons present while it was made, an, if not apparent, the relationship of the persons present to the declarant; and

6. The general subject matter of the document or oral communication.

You are under a continuous obligation to supplement your responses to these requests for production under the circumstances specified in Fed.R.Civ.P. 26(e).

*+++The 2015 Advisory Committee Notes on Rule 34(b) (2) (CJ requires lawyers to state whether anything is being withheld based on a particular objection "should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and*

4

*responsive information has been withheld on the basis of the objections." Rule 34 requires a litigator to **state** grounds for objections with specificity; state whether any responsive materials are being withheld on the basis of that objection; and **specify the time for production.***

## INTERROGATORIES

1. Please provide the name, address, telephone number, place of employment, and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Fed. R. Civ. Proc 7 (a)), filed in this action, or any fact underlying the subject matter of this action.

2. Please provide your current residential and business addresses, including the building or house number, the City, borough if applicable, and the state, and the number of years during which you have been residing at your current address.

3. Please state whether there are steps at the entrance to your current residence address and if so whether your current residence has a ramp with appropriate slope and signage or an otherwise appropriate and accessible entrance.

5

4.  Please state all dates and time you visited the building allegedly controlled by Harold Thurman, Brad Thurman and 33 Bre Inc. and were denied full and equal access to the premises, and the means of transportation you used to pay a visit to the Subject facility located at 82-88 Fulton Street, New York, New York.

5.  Please state the dates and times, if any you visited any other store or stores that are located on Fulton Street or in the 10 block radius surrounding 82-88 Fulton Street, New York, New York on the dates on which you paid a visit to the premises, with the intention of using the facilities of that other store or those other stores, and were denied full and equal access to said stores including the names of any such stores, and what means of transportation you used to visit the other stores in the 10 block radius surrounding 82-88 Fulton Street, New York, New York.

6.  If the answer to Interrogatory No. 5 is yes, please state how you first learned of the existence of those stores and what goods and services each provides to the public and how and in what manner you were denied full access to each said store, the means of transportation to and from said stores and whether you commenced an action against said the stores, attaching a copy of any such complaint.

7.  Please state the name and address and phone number of the doctor, or doctors and hospitals, who have and are currently medically treating you for your "qualified disability," including your disability for ataxia for the last five years.

8.  Do you require the use of a motorized wheelchair for mobility.

9. Please state whether you have a driver's license and are able to drive a car.

10. Please state the name, address and telephone number of any Home Health Aides assisting you at your home, the days and hours of such assistance, whether such is through a private agency or governmental agency and set forth the name and address of the agency.

11. Before you filed the instant law suit, please state whether you or anyone acting on your behalf informed each store or building of the violations in an attempt to remedy the violations through conciliation and voluntary compliance, whether orally or in writing and if in writing, attach a copy of said writing.

8

12. Please state the basis for your contention that the alterations and modifications demanded by Plaintiff in the complaint are "readily achievable", are "structurally practical" or are "technically feasible" and the estimated costs to so.

13. Pease state your gross income from employment for each year from 2013 to present; if from employment set forth the name and address of each employer and the nature of your employment.

14. Identify each feature and condition of the premises you allege violates the American Disability Act and for each such condition specify the statute regulation and/or standard that you contend is violated.

15. Please describe how the alterations and modifications demanded by Plaintiff will not fundamentally alter the nature of goods, services, facilities, privileges, advantages, or accommodations and would not impose an undue burden on Defendants or others.

16. Please describe any legitimate safety requirements that are necessary for safe operation, including crime prevention measures, that could make the alterations and modifications demanded in the complaint readily achievable.

17.   Please provide any facts along with what rules, codes, statutes, ordinances, regulations, standards, or any other authority Plaintiff utilizes to claim the alleged violations and their deviations from ADA guidelines on Defendants' property are material.

18.   Describe the "qualified disability" which you suffer as asserted in the Complaint.

19.   Identify all documents which support any and all of the allegations set forth in the Complaint which form the basis for your claims in this action and, for each such document identify the person and/or entity in possession of each such document.

20.   For each person who is expected to be called as a fact witness for you during the trial of this matter, please provide:

    a.   The substance and basis for the witness's anticipated testimony;

b. The witness's relationship to you;

c. Any payment made by or on your behalf to the witness, or on the witness's behalf, in the past five years;

d. Whether there are any agreements, understandings, promises or expectations for any payments to be made by you, or on your behalf, to the witness, or on the witness's behalf.

21. For each person who has been retained to act as an expert, or who otherwise is expected to be called as an expert witness for you during the trial of this matter, please provide:

a. The expert's name;

b. The expert's profession;

c. The expert's work address (or home address if no work address exists);

d. Subject matter on which the expert is expected to testify;

e. The source of all facts relied upon by the expert;

f. The facts determined and opinions formed by the expert;

g. The expert's fee arrangement in this case;

h. A list of all cases in which the expert has appeared as an expert witness in the past five years for;

I. The plaintiff(s); and

II. The defendant(s).

i. The source and amount of all of the expert's income for the past five years;

*The 2015 Advisory Committee Notes on Rule 34(b) (2) (C) requires lawyers to state whether **anything is being withheld** based on a particular objection "should end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections." Rule 34 requires a litigator to **state grounds for objections with specificity;** state whether any responsive materials are being withheld on the basis of that objection; and **specify the time for production.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail, the 20th day of December, 2019 to Finkelstein Law Group, PLLC, Attention Stuart H. Finkelstein, Esq., 338 Jericho Turnpike, Syosset, New York 11791 the address designated for that purpose by depositing true copy of same enclosed in one postage paid properly addressed wrapper, in a post office-official depository under the exclusive care and custody of the United States Postal Service within New York State and by email: Sf@finkelsteinlawgroup.com

Robert Silversmith, Esq.
SILVERSMITH & ASSOCIATES
LAW FIRM, PLLC
Attorney for Defendants
39 Broadway, Suite 910
New York, New York 10006
(212) 922-9300

S:\SV\DATA\Client\THURCON\Antolini v. Thurman-Defendants First Set of Interrogatories of Plaintiff.docx

14

SILVERSMITH & ASSOCIATES
LAW FIRM, PLLC

*Index No.* Case No.: 1:19-cv-09674-JMF *Year 20*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DINO ANTOLINI,

                                                                        Plaintiff,

      -against-

HAROLD THURMAN, BRAD THURMAN
AND 33 BRE INC.,

                                                                        Defendants.

## DEFENDANTS' FIRST SET OF INTERROGATORIES OF PLAINTIFF

**SILVERSMITH & ASSOCIATES
LAW FIRM, PLLC**
*Attorneys for* Defendants

39 BROADWAY
SUITE 910
NEW YORK, NY 10006
(212) 922-9300

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: ..................................  Signature ..................................

                                               Print Signer's Name ..................................

Service of a copy of the within ..................................  is hereby admitted.

Dated: ..................................

                                              Attorney(s) for ..................................

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of a _____ entered in the office of the clerk of the within-named Court on _____ 20 _____

☐ NOTICE OF SETTLEMENT

that an Order of which the within is a true copy will be presented for settlement to the Hon. _____, one of the judges of the within-named Court, at _____ on _____ 20 _____, at _____ M.

Dated: _____

                                               **SILVERSMITH & ASSOCIATES
LAW FIRM, PLLC**
*Attorneys for*