**Exhibit Z**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
DINO ANTOLINI,

                Plaintiff,

      vs.                                             Case No.: 1:19-cv-09674

HAROLD THURMAN, BRAD THURMAN
and 33 BRE INC.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - --x

## PLAINTIFF'S RESPONSES TO
## DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff, DINO ANTOLINI, by and through his undersigned attorney as and for his first set of responses for production of documents responds as follows:

These responses are made solely in relation to the above-captioned action, and are proffered only for the purpose of responding to the defendants requests All responses are subject to the objections noted below. Plaintiff reserves the right to object on any ground to 1) the admissibility or use of any information provided herein in any subsequent stage or proceeding in this or any other action; and 2) any other discovery procedure relating to the subject matter of this Request. Additionally, these responses are given without prejudice to Plaintiff's right to produce at a later date and/or rely at trial upon information that is subsequently discovered or inadvertently omitted.

### GENERAL OBJECTIONS AND LIMITATION TO ALL REQUESTS

Plaintiff hereby incorporates by reference each of the following General Objections and Limitations ("General Objections") in their responses to each specific Request

as if specifically set forth therein, in addition to such other specific and further objections to each Request as noted in each response. Any such specific objections to a particular Request shall not be construed as a waiver of any of Plaintiff's General Objections, and any reference to or restatement of a General Objection in the response to a particular Request shall not limit that General Objection or waive any other General Objection. Unless otherwise specifically stated, Plaintiff's objections to each Request apply to the entire Request, including each and every subparagraph of each Request.

1. Plaintiff objects to each Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, is not reasonably calculated to lead to the discovery of relevant or admissible evidence, or is in any way beyond the scope of disclosure required by the FRCP.

2. Plaintiff objects to each Request to the extent that it is duplicative, unreasonably cumulative, unduly burdensome, oppressive or unduly expensive to answer.

3. Plaintiff objects to each Request that it calls for a legal conclusion.

4. Plaintiff objects to each Request to the extent that the information requested is a matter of public record or is already in the possession of defendants (including without limitation any documents already produced in this matter), or that the burden of obtaining the information would otherwise be less or substantially the same for defendants as for Plaintiff.

5. Plaintiff objects to each Request to the extent that they seek documents generated subsequent to the commencement of this litigation, on the grounds that such Requests seek information either not relevant to the subject matter of the litigation, and/or not reasonably calculated to lead to the discovery of admissible evidence.

6. Plaintiff objects to each Request to the extent that it seeks the production of information or documents protected from discovery by any privilege, including the attorney-client privilege (including without limitation documents prepared in anticipation of litigation by or for Plaintiff or his attorney (or any agents or representatives of Plaintiff or his attorney), or documents or information which would disclose the mental impressions, conclusion, opinions, or legal theories of attorneys or other agents or representatives of Plaintiff concerning any matters at issue in this litigation) or any other applicable privilege, immunity, or limitation on discovery. To the extent any protected information is produced or otherwise disclosed, such production or disclosure is inadvertent, and Plaintiff shall not be deemed to have waived any privilege with respect to that or any other information.

7. Plaintiff objects to each Request to the extent that it is not limited to a specific time period relevant to the matter or exceeds the applicable statute of limitations.

8. Plaintiff objects to each Request to the extent it seeks personal or confidential information (including without limitation employment and financial information) concerning individuals or entities not involved in this action.

9. Plaintiff objects to each Request to the extent that it calls for speculation, is vague or ambiguous, or otherwise alleged agents or representatives of Defendants who are not subject to Defendants' control, or to the extent that such information would violate any privacy interests or other rights of alleged agents or representatives.

10. Plaintiff objects to each Request to the extent that it seeks information from any former, apparent, or otherwise alleged agents or representatives of Defendants who are not subject to Defendants' control, or to the extent that such information would violate any privacy interests or other rights of alleged agents or representatives.

11. Plaintiff objects to each Request to the extent that it seeks information that was not created by Plaintiff, or is not currently in the possession, custody, or control of

Plaintiff or seeks to impose upon Plaintiff an obligation to acquire, review, or otherwise have knowledge of information that is in possession of others.

12. Plaintiff reserves the right to supplement these responses with any additional relevant, responsive, non-privileged documents that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

Without waiving the General Objections or any objections set forth in response to specific Requests, Plaintiff responds within the limits of these objections, as set forth below.

## RESPONSES

3. No steps, nor a ramp.
4. The week of September 2, 2019. Electric wheelchair.
10. Not applicable.
12. All defendants have waived any and all objections to the cost of any repairs, modifications and/or repairs which is a major component of the readily achievable standard and is part of the record.

Dated: Syosset, New York
October 29, 2020

/S/
Stuart H. Finkelstein, Esq.
Attorney for Plaintiff
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail, the 29th day of October 2020 to Robert G. Silversmith, Esq., 39 Broadway, suite 910 New York, NY 10006 the address designated for that purpose by depositing true copy of same enclosed in one postage paid properly addressed wrapper, in a post office-official depository under the exclusive care and custody of the United States Postal Service within New York State and by email: rsilversmith@silversmithassociates.com

S/S
Stuart H. Finkelstein, Esq.
Finkelstein Law Group, PLLC
Attorneys for Plaintiff
338 Jericho Turnpike Syosset,
New York 11791 Telephone:
(718) 261-4900