UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
DINO ANTOLINI,

        Plaintiff,                    Case No.:1:19-cv-09674-JMF

-against-                                 DECLARATION IN SUPPORT
                                                  OF DEFENDANTS' MOTION
HAROLD THURMAN, BRAD THURMAN,      FOR SUMMARY JUDGMENT
and 33 BRE INC.,                               AND OTHER RELIEF

        Defendants.
------------------------------------------------X

**BRAD THURMAN,** hereby represents under the penalties of perjury:

1.    I am one of the named Defendants in the above-referenced matter and submit this Declaration is in support of Defendants' Motion for summary judgment, and for other relief.

### Background

2.    33 Bre Inc. became the deed owner of the building in 1996. See Deed as **Exhibit "A".** Since two buildings were joined as one in 1978, Harold Thurman was involved in the ownership and as a principal of the net lessee. See architectural drawings annexed to Kratchmans Decl. Exhibit "B". I have been working with this building since I came to work with Thurcon Properties Ltd., in the 1970's.

3.    At the time of the construction and the joining of the two buildings, the ADA law was not in existence. There are four levels (above and below the sidewalk) of exterior stores with different stairwells. They are not all connected except by the sidewalk. Annexed collectively as **Exhibit B** are photographs taken of the exterior of the building. They are presented to show the varying levels and locations of the stairwells which have not changed and fairly and accurately show these levels and

stairwell locations.

4. Prior to 33 Bre Inc. becoming the deed owner in 1996, a net lease was entered for the commercial spaces with another entity, Gold Street Properties. The Net lease with Gold Street Properties is annexed hereto as **Exhibit "C"**. An amendment of the net lease dated April 15, 1980, names Gold Street Properties as lessee and is annexed as **Exhibit "D"**. This name was amended most recently by a Certificate of Amendment of Certificate of Limited Partnership of Gold Street Properties LP dated June 25, 2019 annexed as **Exhibit "E"**. The net lease for the commercial space was filed at the City's registrar's office. A copy of this memorandum of lease made the 18th day of May, 1978 is annexed as **Exhibit "F"**. The landlord's consent and lease amendment also of record made as of December 15, 1995 and is annexed as **Exhibit "G"**.

5. Gold Street Properties LP is in privity with the store tenants who are not named by this Complaint.

6. By Shareholders Agreement as to 33 Bre, Inc. dated February 15, 2001 annexed as **Exhibit "H"** Harold Thurman was elected President and Treasurer and Brad Thurman was elected as Vice President and Secretary. The agreement further provides that Harold Thurman in his capacity as Chief Executive Officer would exercise, in his sole discretion, full power and authority to manage the day-to-day affairs of the corporation and the ordinary conduct of its business.

7. Harold Thurman and your deponent, individually have been named as parties to this action. Harold Thurman died November 3, 2020.

8. While I am an officer of 33 Bre, Inc., I am not a shareholder or principal of

33 Bre, Inc.

9. Harold Thurman was a 50% shareholder of 33 Bre Inc.

10. There are other entities and persons who will be affected by any decision relating to remediation but are not named in the complaint. The net lessee, the store tenants and any residential tenants would be impacted by decision to remediate.

11. The Defendants architect has reviewed the filings and has concluded that a ramp is infeasible. Remediation by a lift is likewise said to be not feasible.

12. As to service on 33 Bre Inc., the person allegedly served, Barbara Powers, is an employee of Thurcon Properties, Ltd. and is not an employee of 33 Bre Inc. She is not an employee of Harold Thurman nor of Brad Thurman individually. She is not a person authorized to accept service on behalf of the 33 Bre Inc. She is a receptionist employed by Thurcon Properties Ltd.

13. Many of the stores from 2019 vacated and closed during Covid-19. These included Benny Thai's Restaurant which vacated and remains closed. In addition the barber shop has now vacated and is closed. The Chinese restaurant has vacated and is closed. D&E Jewelers has vacated and is closed. The spa, Indian restaurant, cleaners and the nail salon are open.

14. The store leases are annexed as follows:

   a) The Thai Restaurant annexed as **Exhibit "I"**.
   b) The Barbershop annexed as **Exhibit "J"**.
   c) The Chinese Restaurant annexed as **Exhibit "K"**.
   d) The Jeweler annexed as **Exhibit "L"**.
   e) The Spa annexed as **Exhibit "M"**.

    f) The Indian Restaurant annexed as **Exhibit "N"**.

    g) The Cleaners annexed as **Exhibit "O"**.

    h) The Nail Salon annexed as **Exhibit "P"**.

15. The architect has indicated in his report that remediation is not readily achievable and would impact on the residential units as well as reducing or eliminating certain stores currently in existence. While 33 Bre Inc. has the financial ability and capacity to remediate, if the Court deems such to be readily achievable, notwithstanding, the costs vastly exceed any benefit and are disproportionate to the benefit, particularly as to the store tenants themselves.

**WHEREFORE,** it is respectfully requested that Defendants' motion be granted, together with such other and further relief as may be deemed just and proper.

Dated: New York, New York
December 1, 2020

_____
Brad Thurman

S:\SV\DATA\Client\THURCON\Antolini v. Thurman- Brad Thurman Affidavit in Support of Summary Judgment 11-12-20.docx