UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
DINO ANTOLINI,

                Plaintiff,                Case No.:1:19-cv-09674-KNF

    -against-                         STATEMENT OF MATERIAL
                                          FACTS PURSUANT TO LOCAL
                                          CIVIL RULE 56.1

HAROLD THURMAN, BRAD THURMAN,
and 33 BRE INC.,

                Defendants.
-------------------------------------------------X

      **PLEASE TAKE NOTICE**, that pursuant to Local Civil Rule 56.1 and the individual rules of Hon. Jessie Furman, the Defendants hereby submit the following statements of material facts which the moving party contends there is no genuine issue to be tried.

### THE ACTION AND PARTIES AND JURISDICTION

      1.    The above captioned action (the action) was commenced with the filing of a Summons and Complaint.

      2.    Service of process on Defendants was attempted by delivering a copy at Thurcon Properties, Ltd, at 49 West 32nd Street, New York, New York, to a receptionist, Barbara Powers.

      3.    Barbara Powers is employed as a receptionist by Thurcon Properties Ltd.

      4.    Service upon 33 Bre Inc. was allegedly effectuated by service of process on this receptionist with no subsequent mailings.

      5.    Barbara Powers is not authorized to accept service of papers for

33 Bre, Inc..

6. Service upon the individual Defendants was allegedly effectuated upon this receptionist with mailings.

7. Harold Thurman was an officer and shareholder of 33 Bre, Inc.

8. Harold Thurman died November 3, 2020

9. Brad Thurman is an officer of 33 Bre, Inc.

10. Brad Thurman is not a shareholder of 33 Bre Inc.

11. Neither Brad Thurman nor Harold Thurman are deed owners of the facility or lessors or lessees of the commercial stores in their individual capacities.

12. Since at least 1978, Harold Thurman was involved in the ownership and as a principal of the net lessee.

13. Brad Thurman has been working with this building since he came to work with Thurcon Properties Ltd., in the 1970's.

14. The facility was constructed in 1978 by joining two buildings.

15. The building is landmarked.

16. At the time of the construction and the joining of the two buildings, the ADA law was not in existence.

17. There are four levels above and below the sidewalk of exterior stores.

18. The various stores have different stairwells.

19. One cannot uniformly access all the stores through one stairwell.

20. The stores are not all connected except by means of the sidewalk.

21. The removal of the exterior architectural barriers is not readily

2

achievable.

22. Ownership net leased the commercial facility to Gold Street Properties.

23. The name Gold Street Properties is now amended to Gold Street Properties LP.

24. A memorandum of net lease for the commercial space was filed at the City's registrar's office.

25. Gold Street Properties LP is in privity with the store tenants who are not named by this Complaint.

26. Neither the store tenants nor the net lessee, Gold Street Properties, LP have been named in this action.

27. By Shareholders Agreement as to 33 Bre, Inc. dated February 15, 2001 Harold Thurman was elected President and Treasurer and Brad Thurman was elected as Vice President and Secretary.

28. The Shareholders Agreement provides that Harold Thurman in his capacity as Chief Executive Officer would exercise, in his sole discretion, full power and authority to manage the day-to-day affairs of the corporation and the ordinary conduct of its business.

29. Harold Thurman was a 50% shareholder of 33 Bre Inc.

30. The net lessee and the store tenants and certain residential tenants would be affected by any decision to remediate the exterior and interior.

31. Plaintiff's and Defendants' architect have concluded that a ramp is infeasible.

32. Remediation by a lift is not feasible.

33. Four of the stores vacated and closed during the Covid-19 pandemic These included Benny Thai's Restaurant, The Chinese restaurant, D&E Jewelers and the Barbershop.

34. The spa, Indian restaurant, cleaners and the nail salon are open.

35. The stores are as follows:

   a) The Thai Restaurant;

   b) The Barbershop;

   c) The Chinese Restaurant;

   d) The Jeweler;

   e) The Spa;

   f) The Indian Restaurant;

   g) The Cleaners; and

   h) The Nail Salon.

36. Plaintiff has not stated any ADA violations with respect to the interior of the closed stores.

37. Plaintiff has not stated any ADA violations as to the interior of the cleaners.

38. Consent to access by the store tenants to remediate would be needed under the leases.

39. Plaintiff's architect has not proposed a readily feasible remediation to the exterior.

40. Plaintiff's architect has not proposed a readily achievable remediation of

4

the interior.

    41.    The building is landmarked.

    42.    Residential tenants would be impacted by a lift or lifts.

    43.    The cost of the lift or lifts would be disproportionate to the benefits.

    44.    Portions of the commercial spaces would be diminished or eliminated by lift or lifts.

    45.    The Plaintiff's expert reports were both dated November 16, 2020.

    46.    The end date of disclosure was October 30, 2020.

Dated: New York, New York  
       December 2, 2020

Yours, etc.

Silversmith & Associates  
Law Firm, PLLC

_____  
Robert Silversmith. Esq.  
Attorneys for Defendants  
39 Broadway, Suite 910  
New York, New York 10006  
(212) 922-9300

To:   Finkelstein Law Group, PLLC,  
      Attorney for Plaintiff  
      338 Jericho Turnpike  
      Syosset, New York 11791

S:\SV\DATA\Client\THURCON\Antolini v. Thurman-Statement of Material Facts - 10-9-20.docx