UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
DINO ANTOLINI,                                          :   Case No.: 1:19-cv-09674

                        Plaintiff,

   - against -

HAROLD THURMAN, BRAD THURMAN and
33 BRE INC.,

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

                              **Hon. Jesse M. Thurman**

                          Plaintiff's Statement of Material Facts

                            In OPPOSITION to Defendants

                            Motion for Summary Judgment

                        Pursuant to S.D.N.Y. Loc. R. 56.1(b)

1. "The above captioned action (the action) was commenced with the filing of a Summons and Complaint."

**Plaintiff concurs with Defendants statement.**

2. Service of process on Defendants was attempted by delivering a copy at Thurcon Properties, Ltd, at 49 West 32nd Street, New York, New York, to a receptionist, Barbara Powers.

**Plaintiff vehemently disagrees with Defendants statement as service of process was indeed effectuated correctly some fourteen months ago. *See* [DE 11] AFFIDAVIT OF SERVICE.**

3. Barbara Powers is employed as a receptionist by Thurcon Properties Ltd.

**Plaintiff concurs with defendants' statement and take counsel at his word to the extent of Ms. Power's employment and reserves right to contest her role in the company.**

4. Service upon 33 Bre Inc. was allegedly effectuated by service of process on this receptionist with no subsequent mailings.

**This is patently false and untrue. Service was effectuated on Jane Doe/ Ms. Powers AND mailed to Brad Thurman and Harold Thurman on November 4, 2019. *See* [DE 11] Affidavit of Service pg. 2-3 'MAILING' line pursuant to F.R.C.P. 4(f)/ 4(e) and both NY C.P.L.R. 308 and 312(a). This is elementary regardless as the time to contest service via a 12(b)(5) motion has long passed and has been waived under Fed. R. Civ. P. 12(h)(1)(B). Defendants did not make any motion to contest service under Rule 12 and cannot now**

legitimately be argued in a motion for summary judgment. Fed. R. Civ. P. 12(h)(1)(B), In fact, the Advisory Committee Notes codify this principle: "By amended subdivision (h)(1)(B), the specified defenses, even if not waived by the operation of (A), are waived by the failure to raise them by a motion under Rule 12 or in the responsive pleading or any amendment thereof to which the party is entitled as a matter of course. The specified defenses are of such a character that they should not be delayed and brought up for the first time by means of an application to the court to amend the responsive pleading." *See* R. 12; Advisory Committee Notes.

    5.    Barbara Powers is not authorized to accept service of papers for 33 Bre, Inc.

**Plaintiff disagrees with defendant's statement. Defendants point to no admissible evidence to support this statement as is required under S.D.N.Y. Loc. R. 56.1(d). Defendants do include a 'declaration' from a Ms. Powers presently [DE 101] that contain self-serving conclusory assertions.**

    6.    Service upon the individual Defendants was allegedly effectuated upon this receptionist with mailings.

**Plaintiff fervently disagrees with this statement as it is both incorrect and makes little sense. Both affidavits of service in regard to the Thurman defendants clearly state that the summons and complaint were addressed and mailed to the Thurman defendants (Harold Thurman and Brad Thurman) properly under CPLR 312. The mailings were not addressed to Ms. Powers/Jane Doe as that would make little to no sense and is wholly**

defeated by the affidavit of service. *See* [DE 11] Affidavit of Service pg. 2-3 'MAILING' line.

    7.    Harold Thurman was an officer and shareholder of 33 Bre, Inc.

**Plaintiff concurs with this statement.**

    8.    Harold Thurman died November 3, 2020.

**Plaintiff concurs with this statement. Condolences to all of Mr. Thurman's family and loved ones.**

    9.    Brad Thurman is an officer of 33 Bre, Inc.

**Plaintiff agrees with this statement.**

    10.   Brad Thurman is not a shareholder of 33 Bre Inc.

**To the extent this disputed fact matters, Plaintiff disputes same. The Shareholder agreement does not explicitly speak to what happens to Harold's shares of 33 Bre Inc upon death. In reality, Harold possesses/ possessed 100% of the shares of 33 Bre Inc; He owns 50% of all shares of 33 Bre Inc. individually and holds the other 50% of rest of the shares in trust. (See [DE 100 #8] Exh. H *Shareholder Agreement*). Plaintiff has not been made privy to any successor agreement which can only be assumed to include Brad Thurman as principal. Regardless, Brad Thurman is a managing officer of 33 Bre who "owns 100% fee simple of the building." As Judge Fox already noted "Defendant 33 Bre Inc. admitted in its answer that "it is the owner or lessee or operator of the building" at issue in this action. (DE No. 12, ¶ 5)., The landlord/ building owner is *always* liable for ADA**

compliance. Dunbar v. Empire Szechuan Noodle House Inc., 2020 WL 2132339 (S.D.N.Y. May 5, 2020) citing Botosan v. Paul McNally Realty, 216 F. 3d 827, 832–833 (9th Cir. 2000).

11. Neither Brad Thurman nor Harold Thurman are deed owners of the facility or lessors or lessees of the commercial stores in their individual capacities. **Plaintiff disagrees with this statement as it seeks to unnecessarily mislead. 33 Bre Inc. is the absolute fee simple owner of the building at 33 Gold Street/ 82-88 Fulton Street. Harold Thurman owns/ owned 50% of all shares of 33 Bre Inc and held the other 50% of rest of the shares in trust. (See [DE 100 #8] Exh. H *Shareholder Agreement*). Brad Thurman is the vice president and also the Secretary of 33 Bre Inc. Brad was also designated as the other co-director to Harold and now is the sole director that his father has passed. *See* [DE 100] *Shareholder Agreement* pg. 4: "in the event Harold dies, Brad shall have [his rights]. This is all elementary regardless as Defendants, in their Answer, admit that 33 Bre, Inc. is the owner and operator of the building. *See* ([DE 12], ¶ 5). Judge Fox reinforced this unambiguous fact in his 10/13/2020 order: "Defendant 33 Bre Inc. [proper party to the action] admitted in its answer that "it is the owner or lessee or operator of the building." *See (*[DE 81] pg. 4).**

12. Since at least 1978, Harold Thurman was involved in the ownership and as a principal of the net lessee.
**Plaintiff agrees with this statement.**

13. Brad Thurman has been working with this building since he came to work

with Thurcon Properties Ltd., in the 1970's.

**Plaintiff agrees with this statement to the extent of the information on the record.**

    14.    The facility was constructed in 1978 by joining two buildings.

**Plaintiff disagrees with Defendants statement. Upon clear information and belief, the building was constructed in the early 1900's pre-WWI.** *See* **https://www.propertyshark.com/mason/Property/331/82-88-Fulton-St-New-York-NY-10038/. Additionally, the building has undergone alterations since the enactment of the ADA in 1992.** *See* **Memo pg. 6-9**

    15.    The building is landmarked.

**Plaintiff disagrees with defendants' statement as it is misleading. The Building is not on the National Landmark Registry** *See*

    16.    At the time of the construction and the joining of the two buildings, the ADA law was not in existence.

**Plaintiff concurs with Defendants statement.**

    17.    There are four levels above and below the sidewalk of exterior stores.

**Plaintiff concurs with defendant's statement.**

    18.    The various stores have different stairwells.

**Plaintiff concurs with defendant's statement.**

    19.    One cannot uniformly access all the stores through one stairwell.

**Plaintiff concurs with defendant's statement**

20. The stores are not all connected except by means of the sidewalk.

**Plaintiff disagrees with this statement. Defendant's statement is not clear as to its meaning but the stores are physically connected and all part of the same building. They cannot all be accessed through other stores as they are indeed separate facilities with their own entrance and exit ways.**

21. The removal of the exterior architectural barriers is not readily achievable.

**This is patently untrue and Plaintiff vehemently disagrees with Defendants statement.** *See* **Both of Plaintiff's expert reports, Plaintiff's Memoranda of law. Defendants counsel's unilateral determinations mean very little as this is what a major crux of the case is all about. The prima facie genuine dispute means this case must proceed to trial so that the discrimination at the subject facility may finally be estopped.**

22. Ownership net leased the commercial facility to Gold Street Properties.

**Plaintiff cannot concur with this statement as it lacks specificity as to which part of the building defendants are referring to.**

23. The name Gold Street Properties is now amended to Gold Street Properties LP.

**Plaintiff concurs with Defendants statement to the extent of the information on the record.**

24. A memorandum of net lease for the commercial space was filed at the City's

registrar's office.

**Plaintiff concurs with Defendants statement to the extent of the information on the record.**

25.   Gold Street Properties LP is in privity with the store tenants who are not named by this Complaint.

**Plaintiff has no knowledge of same and is irrelevant.**

26.   Neither the store tenants nor the net lessee, Gold Street Properties, LP have been named in this action.

**This does not matter because 33 Bre Inc. owns the entire building and defendants have admitted same.**

27.   By Shareholders Agreement as to 33 Bre, Inc. dated February 15, 2001 Harold Thurman was elected President and Treasurer and Brad Thurman was elected as Vice President and Secretary.

**Upon information and belief Plaintiff presently concurs with Defendants statement.**

28.   The Shareholders Agreement provides that Harold Thurman in his capacity as Chief Executive Officer would exercise, in his sole discretion, full power and authority to manage the day-to-day affairs of the corporation and the ordinary conduct of its business.

**Plaintiff concurs with Defendants statement.**

29.   Harold Thurman was a 50% shareholder of 33 Bre Inc.

**Plaintiff's agree in part. Defendants omit the fact that Harold Thurman also controlled the other 50% of the shares that he held in trust. This does not**

**move any needle because the defendants in this action operate/ own/ control/ manage the subject facility.**

30. The net lessee and the store tenants and certain residential tenants would be affected by any decision to remediate the exterior and interior.

**Plaintiff disagrees with defendant's conclusory unilateral determination. There is no specificity offered at all and Plaintiff believes the repairs are readily achievable.** *See* **Exh A, B.**

31. Plaintiff's and Defendants' architect have concluded that a ramp is infeasible.

**Plaintiff vehemently disagrees with defendant's statement. It is too loose with its language.**

32. Remediation by a lift is not feasible.

**Plaintiff vehemently disagrees with Defendants statement.** *See* **Plaintiff's expert. Mr. Chen's exterior report pg. 2; Plaintiff's memoranda of law. Plaintiff's well-qualified expert literally stated that "The best-case solution would be to create two different sets of handicap accessible lifts" and went on to detail the reasons why. Plaintiff is unsure why defendants incorporate a hotly disputed conclusory assertion into a 'statement of facts.' Further, this just another prima fascia genuine dispute that must bar even the thought of summary judgment.**

33. Four of the stores vacated and closed during the Covid-19 pandemic These included Benny Thai's Restaurant, The Chinese restaurant, D&E Jewelers and the

Barbershop.

**The Jeweler shop is called "NYCity Buyers" not D&E Jewelers.**

  34. The spa, Indian restaurant, cleaners and the nail salon are open.

**Plaintiff concurs with Defendants statement.**

  35. The stores are as follows:

    a) The Thai Restaurant;

    b) The Barbershop;

    c) The Chinese Restaurant;

    d) The Jeweler;

    e) The Spa;

    f) The Indian Restaurant;

    g) The Cleaners; and

    h) The Nail Salon.

**This is party correct. Defendants omitted "My Optician NYC" located at the ground level which defendants maintain has closed permanently.**

  36. Plaintiff has not stated any ADA violations with respect to the interior of the closed stores.

**This is patently untrue and Plaintiff vehemently disagrees with Defendants statement. Plaintiff has an entire expert's report devoted to the interior ADA violations of the places of businesses that are currently in operation.** *See* **Exh. A**

37. Plaintiff has not stated any ADA violations as to the interior of the cleaners.

**This is untrue. *See* Plaintiff's Complaint No. 6-19; Exh. A Plaintiff's interior report.**

38. Consent to access by the store tenants to remediate would be needed under the leases.

**This is a fabrication of both law and fact, Defendants have an independent obligation to remedy ADA violations and Defendants have pointed to nothing pursuant to 56.1(d) to support their statement.**

39. Plaintiff's architect has not proposed a readily feasible remediation to the exterior.

**Plaintiff vehemently disagrees with Defendants statement. Plaintiff's well-qualified expert has proposed numerous reports and plans.  *See* Plaintiff's expert reports Exhibits A and B; Plaintiff's memoranda of law pgs. 15-20.**

40. Plaintiff's architect has not proposed a readily achievable remediation of the interior.

**Plaintiff's well-qualified expert has proposed numerous reports and plans. *See* Plaintiff's expert reports Exhibits A and B; Plaintiff's memoranda of law pgs. 15-20.**

41. The building is landmarked.

**Defendants already made this incorrect statement earlier in no. 15.**

42. Residential tenants would be impacted by a lift or lifts.

**Plaintiff disagrees with Defendants statement.** *See* **Plaintiff's expert reports**

43. The cost of the lift or lifts would be disproportionate to the benefits.

**Plaintiff vehemently disagrees with Defendants statement. This statement is a unilateral determination that is directly contradicted by Plaintiff's expert stating that multiple lifts are actually** *the best* **options to remediate.** *See* **Plaintiff's first expert report (Exh. A) pg. 2, ¶ 2.**

44. Portions of the commercial spaces would be diminished or eliminated by lift or lifts.

**Plaintiff vehemently disagrees with Defendants statement.** *See* **both of Plaintiff's expert reports, Plaintiff's memoranda of law**

45. The Plaintiff's expert reports were both dated November 16, 2020.

**Plaintiff concurs with Defendants statement.**

46. The end date of disclosure was October 30, 2020.

**Plaintiff disagrees with defendants misleading statement. The cutoff date for all discovery was originally 9/29/2020,** *see* **[DE 41] Judge Furman Scheduling Order. Subsequently, Judge Furman, in his October 15, 2020 Order [DE 83], extended discovery deadlines until October 30, 2020 because of defendants own behavior dragging out issues for no legitimate reason such as Plaintiff's expert site inspection that needlessly took four months. Defendants made no motion to extend further, no motion to compel any piece of discovery, and no motion related to Plaintiff's expert in any way even though they had ample time to do so.** *See* **Docket Report.**

**PLAINTIFF'S STATEMENT REGARDING HIS EXPERT, MR. BILLY CHEN R.A.**

Mr. Chen is and has been a licensed architect in New York State for over twenty-five years. He is also a member of the American Institute of Architects, the "National Voice of the Architectural Profession." Https://www.AIA.org/about. Mr. Chen and the opinions in the report at issue stand muster under *Daubert* and the applicable rules of admissibility. *See* Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993); Fed. R. Evid. 702. *See, e.g* Am. Home Assurance Co. v. Merck & Co., 462 F. Supp. 2d 435, 451 (S.D.N.Y Oct. 26, 2006). *See also* United States v. Romano et al., 2015 WL 4509078, *10 (2d Cir. July 27, 2015). He has been retained as an expert in numerous other ADA Title III lawsuits and completed inspections and reports of other discriminatory facilities as well. His reports and opinions are a compilation of his professional opinions built upon his requisite licensing, his decades of experience, and his professional acumen.

Dated: Syosset, New York

       December 16, 2020

                              Respectfully submitted,

                                    By:_____/S_____
                                  Stuart H. Finkelstein, Esq.
                                  Finkelstein Law Group,
                                  PLLC 338 Jericho Turnpike
                                  Syosset, New York 11791
                                  Telephone: (718) 261-4900