The following transaction was entered on 6/4/2020 at 4:18 PM EDT and filed on 6/4/2020

| | |
|---|---|
| **Case Name:** | Antolini v. Thurman et al |
| **Case Number:** | 1:19-cv-09674-JMF |
| **Filer:** | |
| **Document Number:** | 46 |

**Docket Text:**

**ORDER terminating [44] Motion for Discovery. During the conference held by telephone on May 13, 2020, the Court urged the patties to enter into a stipulation taking any issue relating to Defendants' financial ability to remediate off the table so as to streamline discovery. For reasons that are not clear, Plaintiffs counsel refuses to enter into a proposed stipulation. See ECF No. 45. Although Plaintiffs counsel is technically correct that he has no "obligation" to enter into a stipulation, see id., Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that discovery must be "relevant to a party's claim or defense and proportional to the needs of the case." In light of Defendants' letter, see ECF No. 44, *which the Court construes to be a waiver of any and all defenses relating to a financial inability to remediate,* Defendants need not respond to any of Plaintiffs discovery requests regarding financial information unless and until the Court orders otherwise. If Plaintiff believes that, notwithstanding Defendants' letter, there is a basis to require Defendants to disclose the requested financial information, he must file a letter-motion to that effect, explaining why such discovery would be relevant and proportional to the needs of the case. The Clerk of Court is directed to terminate ECF No. 44. SO ORDERED.. (Signed by Judge Jesse M. Furman on 6/4/2020) (ks)**