# DEFENDANT'S EXHIBIT "C"



**STEVEN KRATCHMAN ARCHITECT, PC**

23 Warren Street, Store 9, NY, NY 10007    Tel: 212-944-9204

September 29, 2020

Robert Silversmith, Esq.
Silversmith & Associates Law Firm, PLLC
39 Broadway, Suite 910
New York, New York 10006

RE:    STV 7.3  33GoldSt(SC,C,M,1-7,R),MH- ADA Access Summary

Dear Robert,

In our previous letter to you from February 11, 2020, we referenced the complexity and difficulty involved in making the existing property compliant with ADA accessibility guidelines based on our preliminary review. In summary, the original building was developed and constructed prior to the requirements of ADA regulations in question. The commercial units in the building are located at three different floor levels, and separated from the public sidewalk by an areaway and combination of steps up and down to various levels. We said we would study access options of ramps and other avenues of remediation in terms of the available space, changes of level to be accommodated, and the structural framing which may permit or inhibit ramps or other manner of remediation.

We investigated multiple options for providing access via a new handicapped platform lift or elevator. The attached plan shows a how an elevator may be located to serve the various levels. The following reasons explain why this scheme is not readily achievable:

1.  Two of the existing connected spaces would result in a loss of at least 250 sf of net area from each unit. Additionally, elevator overruns, the size of the shaft must be provided above and below the elevator's path of travel. This would require an additional loss of approximately 64 sf of space from the commercial space in the sub-cellar, and from the occupied residential unit above. This precludes such a significant change to the demised areas.
2.  This scheme requires the use of an elevator with doors on three of the four sides of the cab. There are no known models available from any reputable manufacturer. Such unit would be highly custom, and would likely require special engineering and approval from the Board of Standards and Appeals. This process is long and costly, and would need to be undertaken by a willing manufacturer, which is outside of the defendant's control.

We have also explored alternate solutions for access via ramps. The greatest changes in level would require ramps about 124' long at the appropriate 1:12 slope, including landings every 12' and at changes of direction. Per current Building Code and prior applicable memos, as-of-right ramp projections into the public right of way up to 44" are permitted only for buildings before 1969, and only 18" for buildings developed after. This building falls into the latter category. Larger projections such as 44" required for the ramp are subject to discretional approval via variance. Nevertheless, access ramps of that length would be

obstructions to the steps that serve as access to and egress from the commercial units at both levels, and would also constrict the public sidewalk circulation. Thus, for numerous reasons the ramp option is not a feasible option given the existing building and site conditions.

If there is somehow a better solution that we have missed in our analysis, we welcome the complainant's expert to make a suggestion, which we would be glad to review.

Sincerely,



Steven Kratchman, AIA
**Steven Kratchman Architect P.C.**



