UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
 DINO ANTOLINI,

                         Plaintiff,                      *Case No.:1:19-cv-9674-JMF*

          -against-

HAROLD THURMAN, BRAD THURMAN,
and 33 BRE INC.,

                      Defendants.
---------------------------------------------------X

---------------------------------------------------------------------------------------------------------

**REPLY BRIEF IN SUPPORT OF SUMMARY JUDGMENT AND PRECLUSION**

---------------------------------------------------------------------------------------------------------

 

*Silversmith & Associates*
*Law Firm, PLLC*
*Attorneys for Defendants*
*39 Broadway, Room 910*
*New York, NY 10006*
*(212) 922-9300*

## Table of Contents

*PRELIMINARY STATEMENT*...............................................................................................1

*ARGUMENT*.....................................................................................................................

*Point 1*..............................................................................................................................

*DEFENDANTS ARE ENTITLED TO JUDGMENT AS A* ..................................................

*MATTER OF LAW DISMISSING THE COMPLAINT* ......................................................1

*A.   PLAINTIFF HAS NOT MET HIS INITIAL BURDEN.* ............................................1

*B.   PLAINTIFF HAS NOT PROFFERED A PLAUSIBLE* ..............................................7

*Point 2*..............................................................................................................................

*SERVICE OF PROCESS ON 33 BRE INC WAS IMPROPER*........................................7

*Point 3*..............................................................................................................................

*SUMMARY JUDGMENT SHOULD BE GRANTED*.......................................................

*TO THE INDIVIDUAL DEFENDANT BRAD THURMAN*................................................8

*Point 4*..............................................................................................................................

*THE COMPLAINT SHOULD BE DISMISSED BECAUSE* ..............................................

*OF PLAINTIFF'S FAILURE TO NAME NECESSARY PARTIES*....................................9

*Point 5*..............................................................................................................................

*SHOULD THIS COURT DENY DEFENDANTS' MOTION FOR*....................................

*SUMMARY JUDGMENT, DEFENDANTS WOULD* .......................................................

*REQUEST AN ORDER PRECLUDING PLAINTIFF'S EXPERT*....................................9

*CONCLUSION*.................................................................................................................10

# TABLE OF AUTHORITIES

## *CASES*

Access 4 All Inc v Trump Intern. Hotel and Tower Condo, 458 F. Supp. 2d 160 (SDNY 2006) 5

*Borkowski v. Valley Central School Dist.,* 63 F.3d 131 (2d Cir. 1995)............................................. 1

Coddington v Adelphi Univ. , 45 F. Supp. 2d 211, 216 (EDNY 1999) ........................................... 8

Core v Nese, 2020 U.S. Dist. Lexis 209842,(C.D. Cal Aug. 27, 2020), ......................................... 3

Devlin v Hammontree, 561 F. Supp 2d 118; (D. Me. 2008 ............................................................ 8

Dollman v Mast Indus,2011 WL 3911035 (SDNY 2011)............................................................... 10

Dunbar v Empire Szechuan Noodle House Inc. 2020 WL ( SDNY May 5 2020) ........................ 5

Emerson v Thiel College, 296 F. 3d 184, 189, (3rd Cir 2002)...................................................... 8

Federal Home Loan Mortg. Corp v Dutch Lane Assocs, 775 F. Supp. 133 (SDNY 1991)................ 7

Francis v Amwest Realty Associates LLC,15-cv-9066 (SDNY 2017) ............................................. 5

Harty v Spring Valley marketplace LLC, ..................................................................................... 10

Lopez v St. Clair, 2016 U.S. Dist. Lexis 120094; 2016 WL 4625510 (S.D. Cal. Dept. 6, 2016),. 2

Love v Riverhead Cent. Sch. Dist. 8, 823 F. Supp. 193 (EDNY 2011).......................................... 7

Mannick v Kaiser Found. Health Plan, Inc. 2006 U.S.Dist Lexis 38430, 2006 WL 1626909
(N.D. Cal. June 9, 2006............................................................................................................. 4

Molski v. M.J. Cable Inc. 481 F.3d 724, 730 (9th Cir. 2007)...................................................... 1

Pollack v Safway Steel Prods., Inc. 2007 WL 998979 (SDNY Mar. 30, 2007), .......................... 9

Range v 230 W. 41st St LLC, 61 NDLRP 118, 2020 WL 3034800 (U.S.Dist.Lexis SDNY, June 5,
2020). ....................................................................................................................................... 5

Rivera v. Rochester Genesee Reg'/ Transp. Auth., 743 F.3d 11, 19 (2d Cir. 2014). ...................... 1

Roberts v Royal Atlantic Corp, 542 F.3d 363, (2d Cir. 2008)................................................... 2,3

Rodriguez v Barrita Inc, 10 F Supp 3d 1062 ( N.D. Cal. 2014) ................................................... 3

Sharp v Covenant Care LLC, 2013, US Dis. Lexis 189241, 2013 WL 12425902,(S.D.Cal 2013) 3

Tomka v Seller Corp.,66 F.3d 1235 at 1313-4.......................................................................... 8

## *RULES*

FRCP 56.................................................................................................................................7

FRCP 12(b).............................................................................................................................7

FRCP 12(h).............................................................................................................................8

## PRELIMINARY STATEMENT

Defendants submit this Reply Memorandum of Law in support of Defendants' Motion for summary judgment or, in the alternative, preclusion and for other relief.

## ARGUMENT

### Point 1

### DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW DISMISSING THE COMPLAINT

To prevail under a Title III ADA claim, Plaintiff must establish that: (i) he or she is disabled within the meaning of the ADA, (ii) that the defendants own, lease, or operate a place of public accommodation; and (iii) that the defendants discriminated against the plaintiff within the meaning of the ADA. Molski v. M.J. Cable Inc. 481 F.3d 724, 730 (9th Cir. 2007)

Plaintiff does not set forth any evidence or sworn testimony opposing Defendants' summary judgment motion. Plaintiff has not submitted any affidavit or declaration in opposition. Nor has Plaintiff offered sworn testimony of his standing. In their answer, Defendants denied knowledge or information as to whether Plaintiff is disabled for the purpose of the ADA. (See Complaint ¶4 and Answer ¶4) This Court does not have before it any (admissible) evidence of Plaintiff's positions including that the individual Defendants own, lease or operate a place of public accomodation or the Defendants discriminated against Plaintiff or that Plaintiff is disabled.

### A. PLAINTIFF HAS NOT MET HIS INITIAL BURDEN.

Plaintiff must show that his proposed accommodation under the ADA is "readily achievable". The Second Circuit evaluates such a Title III claim under the burden shifting framework articulated for Rehabilitation Act claims in *Borkowski v. Valley Central School Dist.*, 63 F.3d 131 (2d Cir. 1995). See Roberts, 542 F.3d at 373 (2d Cir. 2008). To meet his

initial burden, a plaintiff must "articulate a plausible proposal for barrier removal, 'the costs of which, facially, do not clearly exceed the benefits.'" Id. (quoting Borkowski ).

Plaintiff has not made a prima facie showing of a plausible proposal nor one in which the costs clearly exceed the benefits. Defendants reach this conclusion for a variety of reasons as more fully set forth in the moving papers. This includes the conclusory proposal of Plaintiff's expert, the failure to provide a basis for analysis of the structual and engineering readily achivable feasibility issues, a failure to provide any costs, a failure to allow necessary parties to participate who have their own costs versus benefits fesibility issues, a failure of any affidavit or declaration, Plaintiff has not made any showing, even facially, a plausible proposal and one whose costs of the accommodation exceed the benefits. As the case law in this circuit makes clear (See Roberts v. Royal Atlantic Corp., 542 F.3d 363, 373 (2d Cir. 2008)), since the Plaintiff does not make this facial showing, this Court must, as a matter of law, grant summary judgment dismissing Plaintiff's ADA claim.

Even if Plaintiff had met his initial burden of a facial showing and the burden were to shift to Defendants, Defendants have met their burden.

Plaintiff argues that an acknowledgment or admission of financial ability abrogates any other analysis as to whether the proposed accommodation is readily achievable. As the below cases make clear, this is not the case. Defendants have offered their analysis. See Kratchman and Thurman Declarations in support and Kratchman reply Declaration.

In Lopez v St. Clair, 2016 U.S. Dist. Lexis 120094; 2016 WL 4625510 (S.D. Cal. Dept. 6, 2016), the defendants there had waived the issue of Defendants' overall financial resources. The court nonetheless found that "Likewise cost and burden remain relevant considerations even if their impact on the St. Clair Defendants finances is not", id at 8, holding that "If the plaintiff satisfies his burden, the burden shifts to the defendants to show that removing the architectural barrier is not readily achievable...", finding "... Nothing in

2

the ADA precludes the court from determining in a particular instance that 'readily achievable' includes consideration of whether a suggested repair would be permitted under a state building standard". Id at 10. Similarly, in Core v Nese, 2020 U.S. Dist. Lexis 209842,(C.D. Cal Aug. 27, 2020), where defendant waived its financial resource as a defense to the readily achievable standard, the court said "Thus even where a defendant has the demonstrated ability to afford a given proposal (whether the defendant has conceded to its financial ability to pay or the plaintiff has provided facts demonstrating the defendant's ability to pay) other factors may still render that proposal not readily achievable, including the difficulty or cost of the proposal." Core v Nese, 2020 U.S. Dist. Lexis 209842 at 12."...

The Core Court, relying on Rodriguez v Barrita Inc, 10 F Supp 3d 1062 ( N.D. Cal. 2014) noted that that Court "apparently relying on the 'without much difficulty prong of the 'readily achievable' analysis found that 'while defendants concede that they could afford to build a wheelchair lift if required to do so, their admission does not alter the ADA's fundamental command that the barrier removal is readily achievable only where it is 'easily accomplishable and able to be carried out without much difficulty or expense". Id at 10-11. Thus, the Court in Core v. Nese at 14, denied Plaintiff's motion because:

> "Based on the relevant legal authority, defendants will still have the opportunity to argue that irrespective of their financial wherewithal to implement any barrier removal proposal suggested by Plaintiff - the proposed change to the barrier is not readily achievable because it is not 'easily accomplishable and able to be carried out without much difficulty or expense' e.g. that the cost is objectively excessive.... even if defendants can afford to install gold-plated accessibility sign, that does not mean such plan is 'readily achievable' ie easily accomplishable and able to be carried out without much difficulty or (objectively excessive) expense."

In Sharp v Covenant Care LLC, 2013, US Dis. Lexis 189241, 2013 WL 12425902,(S.D.Cal 2013)  in granting defendants motion for summary judgment, the court stated that plaintiffs must provide a plausible proposal whose costs do not outweigh the benefits, citing Roberts v Royal Atlantic Corp, 542 F.3d 363, (2d Cir. 2008), to show " 1) the

3

general methods he proposes for barrier removal; and 2) the facts that generally support a finding the removal method(s) is readily achievable (i.e. the monetary and non-monetary costs are not clearly disproportionate to the benefits achieved by the barrier removal ID. at 373. In <u>Roberts</u>, 'plaintiffs satisfied their initial burden of production by proffering plans-proposed themselves or with the aid of the independent architect-that would permit facially cost-effective wheelchair access to at least one the of the pool areas.' Id at 377-78." <u>Id.</u> at 8. The court found, <u>Id</u> at 9, that plaintiff was not helpful in resting on his argument that he did not have an initial burden. He failed, there as here, to provide" .. time or cost estimates provided, nor is there any analysis as to whether the corrective work sought is reasonably in light of any known monetary or non-monetary costs or benefits."   "The problem here, however, is that is summary judgment-the 'put up or shut up' moment in a lawsuit when the nonmoving party must show what evidence it has that would convince a trier of fact to accept its version of events...Plaintiff has an initial burden of production to show his proposals for barrier removal are readily achievable and yet, his summary judgment papers do not analyze the issue." <u>Id.</u> at 9," ...Defendants could still argue the costs are objectively excessive". <u>Id.</u> at 9. Plaintff's argument that he does not have the means to find the information was also rejected since "if this were true, then plaintiff should have furnished sufficient evidence showing that his lack of information is through no fault of his own, moved to compel sufficient discovery, or filed a rule 56(d) motion in response to the instant motion for summary judment. He did not." <u>Id.</u>at 9.

In <u>Mannick v Kaiser Found. Health Plan, Inc.</u> 2006 U.S.Dist Lexis 38430, 2006 WL 1626909 (N.D. Cal. June 9, 2006), the court stated where alterations are claimed, there must be a triggering event at the location of the alleged ADA breach, and not eleswhere in the facility. The court, granted Defendants summary judgment finding no triggering event obligating Defendants as to the floors in question. Defendants twenty five billion in assets

4

did not make readily achievable a given, finding " plaintiff has failed to incorporate the other factors into the calculus ..." Id. at 33. Plaintiff mistakenly assumed "...that every construction or renovation project undertaken...triggered path-of-travel obligations". Id at 41. Plaintiff failed to establish"... exactly what defendants were requred to do to remove the barriers..." Id. at 44.

Plaintiff also cites Dunbar v Empire Szechuan Noodle House Inc. 2020 WL ( SDNY May 5 2020) for the proposition that a vacancy of a store after the commencement does not moot the ADA issues. However, Defendants have not argued mootness but that Plaintiff and Plaintiff's expert has not alleged any ADA issues as to the interior of closed and vacant stores, nor the open cleaners.

Plaintiff cites Range v 230 W. 41st St LLC, 61 NDLRP 118, 2020 WL 3034800 (U.S.Dist.Lexis SDNY, June 5, 2020). This case provides Id. at 18 that as to a lift... " in terms of both cost and scope, that project is an enormous undertaking that no reasonable juror would regard as 'easily accomplishable and able to be carried out without much difficulty or expense' 42 USC 12181(9).".. further finding Id.at 19 that "... Because Plaintiff failed to offer sufficient evidence to evaluate the plausibility and costs of these proposals, his claim that they are readily achievable amounts to the same 'rank speculation' rejected by other courts...". Id. at 20.

Plaintiff also cites Access 4 All Inc v Trump Intern. Hotel and Tower Condo, 458 F. Supp. 2d 160 (SDNY 2006) for the proposition that Plaintiff need only show a material issue of fact regarding standing to survive a motion for summary judgment. There by affidavit and otherwise the plaintiff established standing and so survived the motion. There is no such declaration by Plaintiff here. Likewise, in Francis v Amwest Realty Associates LLC,15-cv-9066 (SDNY 2017), cited by Plaintiff, defendants could have moved for summary judgment as to punitive damages but failed to do so. The matter, therefore, necessarily went to trial.

While defendants waived the defense of financial inability to remediate, in no way did defendants concede or state that remediation is readily achievable and did not waive any other factor in the calculus.

In Plaintiff's Exhibit 2, Plaintiff expert's exterior report states " a ramp solution would not be feasible".See Plaintiff's Exhibit 2, parag. 2. Plaintiff's expert inspected eight stores but his report was silent as to any interior ADA issues as to the interior of five of the stores. See Plaintiff's exhibit 1

Alt 2 applications by definition are no change in use, egress or occupancy. see kratchman reply decl. In Plaintiff's Exhibit 4, Alt 2 applications, page 11 mentions a figure of $56,400.00 in Paragraph 11. This describes the job as installation of a manual, automatic, smoke/heat/co detection and sprinkler fire alarm system as per plans submitted herewith. No change in use, egress or occupancy group. Plaintiff's Exhibit 4 Page 5 refers to a wall tie installation in the rear of a residential portion of the building; Plaintiff's Exhibit 4, page 7, refers to a cost affidavit of $84,000 for repair of a sidewalk slab; Plaintiff's Exhibit 4, pages 9, refers to a cost affidavit of $40,000 for installation of tie backs to residential space, which appears to be to the earlier item. As to Plaintiff's Exhibit 4, page 12, there is a missing page to wit paragraph 11 which would set forth the nature of the job. Plaintiff's Exhibit 4, page 25, says for plumbing-install interior partition, flooring, drop ceiling and plumbing fixtures. replace storefront with existing opening with no change in use, egress or occupancy. The permit, Exhibit 4, page 26, issued 12/18/13 provides for concrete placement, formwork. Similarly, Plaintiff's Exhibit 4, page 27. Plaintiff's Exhibit 5, page 2, is an application from 1993/1994 and on page 5 appears to provide for gas piping, hot water heater and sinks; Plaintiff's Exhibit 5, page 8, appears to be for space at the restaurant, re no change in use, egress or occupancy. Plaintiff's Exhibit 5, page 10, is an application from December 8, 1995 estimated cost $5,000, to erect and remove minor interior partitions at corridor, no change in

use, egress and occupancy. Plaintiff's Exhibit 5, page 14, application of 12/13/13 does not provide what it is for but has an estimated cost of $0. Plaintiff's Exhibit 5, page 18, application of 9/21/15 and for 1/4/16 have an estimated cost of $40,000 for the ties backs (and appears related to the earlier application).See Kratchman reply Decl. par 6.

### B. PLAINTIFF HAS NOT PROFFERED A PLAUSIBLE HANDICAPPED LIFT , AND OWNERSHIP HAS SHOWN THAT SUCH IS NOT READILY ACHIEVABLE

Plaintiff failed to make a *prima facie* showing that a lift is a plausible solution. He offered no sworn testimony or evidence in opposition.

Plaintiff, for the first time as an exhibit 6 to his memo in opposition offers a conceptual design which is also not feasible.  (See Kratchman Reply Declaration par. 8)

### Point 2

### SERVICE OF PROCESS ON 33 BRE INC WAS IMPROPER

Defendants' twentieth affirmative defense alleges improper service as to 33 Bre Inc only. see Silv Decl Exhibit B. (Defendants do not assert an improper service of process defense as to the Defendants Brad Thurman and Harold Thurman.). The affidavit of service shows that Plaintiff did not send any follow up  mailings of process as to 33 Bre Inc. Defendant 33 Bre Inc. now moves under FRCP 56 for summary Judgment on its twentieth affirmative defense, and  not under FRCP 12(b).

Plaintiff cites the  authority of Federal Home Loan Mortg. Corp v Dutch Lane Assocs, 775 F. Supp. 133 (SDNY 1991) and Love v Riverhead Cent. Sch. Dist. 8, 823 F. Supp. 193 (EDNY 2011)  to argue that 33 Bre Inc. waived its right to move for summary judgment based upon its defense of improper service . However, in both of Plaintiff's cited cases, the courts ruled that the defendants  there had pled a lack of personal jurisdiction only and not a defense of improper service, thus waiving the service defense.  However, in the case at bar, Defendant 33 Bre Inc. specifically asserted its improper service of process defense in the Twentieth

Affirmative Defense.

**Point 3**
**SUMMARY JUDGMENT SHOULD BE GRANTED**
**TO THE INDIVIDUAL DEFENDANT BRAD THURMAN**

Summary Judgment should be granted as to the individual defendant Brad Thurman. Plaintiff consolidates his argument in opposition by joining with a failure to name necessary parties and that 33 Bre Inc. is an improper party. These are distinct arguments.

Brad Thurman should not be a party to the action and should never have been named individually. He is not a an owner, lessee or operator.

In Devlin v Hammontree, 561 F. Supp 2d 118; (D. Me. 2008), the court stated in determining the proper party: " the ADA public accomodations provisions govern only a 'person who owns, leases( or leases to) or operates a place of public accomodation' 42 U.S.C. section 12182(a).   " ...While in some specific circumstances, this may be an individual this is "... not tantamount to holding that there is personal liability." The search is for identification of the proper defendant. While in some specific circumstances, this may be an individual this is "... not tantamount to holding that there is personal liability." see Coddington v Adelphi Univ. , 45 F. Supp. 2d 211, 216 (EDNY 1999), citing Tomka v Seller Corp.,66 F.3d 1235 at 1313-4, where the court went on to state 'that, " Thus, in the public accomodations section of the ADA, as in the employment discrimination section, Congress has evidenced an intent to exclude individual liability.", Id. at 216 " ..it is unlikely Congress would impose personal liability for the violation of one section of the ADA, while rejecting such liability under another section of the same statute,  the court holds that the individual Defendants may not be held personally liable under either the ADA or the Rehabilitation Act." Id. at 217. See also Emerson v Thiel College, 296 F. 3d 184, 189, (3rd Cir 2002) wherein "... the individual college defendants ...do not operate Thiel and thus are not subject to individual liability under Title III of the ADA."

8

Point 4

## THE COMPLAINT SHOULD BE DISMISSED BECAUSE OF PLAINTIFF'S FAILURE TO NAME NECESSARY PARTIES

To grant relief which affects the stores themselves, the store tenants should be named and have an opportunity to defend and lay out their defenses as to why remediation may not be readily achievable for them including factors that affect them and not the ownership. The plaintiff's proposal is to build lifts that remove portions of tenants' spaces that effectively will put them out of business or dramatically affect the interiors of the businesses and may in fact have a cost -benefit analysis germane to them only.

Plaintiff argues that amended pleadings could no longer be filed and additional parties joined after June 12, 2020. At the initial May 2020 conference, Plaintiff's counsel stated that adding the store tenants would not present difficulties.

Point 5

## SHOULD THIS COURT DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DEFENDANTS WOULD REQUEST AN ORDER PRECLUDING PLAINTIFF'S EXPERT

The Plaintiff's failure to disclose his expert was not harmless and did produce actual prejudice. He failed to disclose his expert from July 28, 2020 to November 18, 2020. He stated to this court in opposition to the motion to compel in September 2020, that he had not retained an expert. This led to a denial of a motion to compel expert disclosure and a delay and leading to not taking an expert deposition. This is one of those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure, that Plaintiff argues is an appropriate standard for such a sanction.

Pollack v Safway Steel Prods., Inc. 2007 WL 998979 (SDNY Mar. 30, 2007), cited by Plaintiff is inapposite. There was there no motion to preclude. There, the expert was disclosed after the end date of disclosure by affidavit in opposition to a motion for summary judgment, which included the report, with a complete detailed statement of all opinions and the basis, the

9

data and information considered in forming the opinion, the exhibits used to form the opinion,

the qualifications, a list of publications, and a list of other cases in which the witness had

testified. There was a list of numerous documents relied upon, and  the curriculum vitae. See also

Harty v Spring Valley Marketplace LLC, cited by Plaintiff, (SDNY 2017. See also  Dollman v

Mast Indus,2011 WL 3911035 (SDNY 2011). The Plaintiff's expert failed by sworn statement to

set forth that the annexed reports are his reports, his qualifications as an architect, his

qualifications or the basis for his opinion, and the other requirements.

On this motion for summary judgment, there is not a single declaration by Plaintiff or his

expert in opposition to the motion.

## CONCLUSION

*WHEREFORE*, Defendants respectfully request summary judgment, preclusion

and other relief be granted, together with other and further relief as may be deemed just

and proper.

Dated:  New York, New York
        December 23, 2020

**ROBERT SILVERSMITH, ESQ.**
**JASON GARBER, ESQ.**
**MARC SHCNEIDER, ESQ.**
On the Brief

Respectully submitted,

Robert Silversmith, Esquire
SILVERSMITH & ASSOCIATES
LAW FIRM PLLC
39 Broadway, Suite 910
New York, New 10006
(212) 922-9300
rsilversmith@silversmithassociates.com

S:\SV\DATA\Client\THURCON\Antolini v. Thurman  Reply Brief  in support of summary judgment final docx

10

800.222.0510  www.aslegal.com

*Index No.:* 1:19-cv-09674-JMF    *Year 20*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DINO ANTOLINI,

                                     Plaintiff,

    -against-

HAROLD THURMAN, BRAD THURMAN
AND 33 BRE INC.,

                                  Defendants.

## REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PRECLUSION

**SILVERSMITH & ASSOCIATES**
**LAW FIRM, PLLC**

*Attorneys for* Defendants

39 BROADWAY
SUITE 910
NEW YORK, NY 10006
(212) 922-9300

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ..........................................    Signature ....................................................................

                              Print Signer's Name....................................................

*Service of a copy of the within*                      *is hereby admitted.*

*Dated:*

                              ....................................................................
                              *Attorney(s) for*

**PLEASE TAKE NOTICE**

☐   *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within-named Court on*         20
ENTRY

☐   *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF   Hon.                     , *one of the judges of the within-named Court,*
SETTLEMENT   *at*
           *on*               20    , *at*        *M.*

*Check Applicable Box*

*Dated:*                                   **SILVERSMITH & ASSOCIATES**
                                  **LAW FIRM, PLLC**
                *Attorneys for*

                                  39 BROADWAY
                                  SUITE 910
                                  NEW YORK, NY 10006

*To:*