UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                 :
DINO ANTOLINI,                                   :
                                                 :
                           Plaintiff,              :
                                                 :           19-CV-9674 (JMF) (KNF)
                        -v-                                 :
                                                 :           MEMORANDUM OPINION
BRAD THURMAN and 33 BRE INC.,               :               AND ORDER
                                                 :
                           Defendants.      :
                                                 :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       By Amended Opinion and Order entered on July 23, 2021, the Court granted summary judgment to Defendants Brad Thurman and 33 BRE Inc. and dismissed Plaintiff Dino Antolini's claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. *See* ECF No. 121.[1] Defendants now move for fees, litigation expenses, and costs pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205. *See* ECF No. 122.

       Upon review of the whole record, including the parties' summary judgment submissions and their memoranda of law with respect to Defendants' present motion, *see* ECF Nos. 122, 126, the Court denies Defendants' motion. Under the ADA, the Court has the discretion to award fees, litigation expenses, and costs to the prevailing party. Significantly, however, it is "very rare that victorious defendants in civil rights cases will recover attorneys' fees." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 178 (2d Cir. 2006). Specifically, "[a] prevailing defendant should not be awarded fees unless a court finds that the plaintiff's claim was frivolous, unreasonable, or

---

[1] After dismissing Antolini's ADA claims, the Court also dismissed his claims under state and local law as abandoned.

groundless, or that the plaintiff continued to litigate after it clearly became so." *Nicholas v. Harder*, 637 F. App'x 51, 52 (2d Cir. 2016) (summary order) (internal quotation marks omitted). Here, although Defendants prevailed, the Court cannot say that Plaintiff's claim was frivolous, unreasonable, or groundless, or that Plaintiff continued to litigate after it clearly became so. There is no dispute that the premises at issue are, in fact, inaccessible to those, like Plaintiff, who require the use of a wheelchair; Plaintiff simply failed to build a sufficient record to support his claims under the applicable ADA standards. *See id.* at 52-53 ("Courts should not engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. . . . For prevailing defendants to be awarded fees on a dismissed claim, they must show that the claim was groundless or without foundation, not merely that the plaintiff ultimately lost his case." (cleaned up)).

The case for fees and costs under Section 1927, meanwhile, is even weaker, as Defendants barely even try to make — and certainly do not succeed in making — a showing "of conduct constituting or akin to bad faith." *Konits v. Karahalis*, 409 F. App'x 418, 423 (2d Cir. 2011) (summary order) (cleaned up).

For the foregoing reasons, Defendants' motion for fees, litigation expenses, and costs is DENIED. The Clerk of Court is directed to terminate ECF No. 122.

SO ORDERED.

Dated: August 24, 2021
New York, New York

JESSE M. FURMAN
United States District Judge